**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-1610 and 12-1611
_____

UNITED STATES OF AMERICA

v.

TYRON WILLIAMS, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2-05-cr-00245-001 and 2-06-cr-00724-001)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2013

Before:   RENDELL, AMBRO, and VANASKIE, *Circuit Judges.*

(Filed: May 23, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Tyron Williams appeals his two twenty-month consecutive prison

sentences resulting from his admitted violations of conditions of his second period of

supervised release, which followed two separate criminal convictions and the revocation

of his first period of supervised release.  Pursuant to *Anders v. California*, 386 U.S. 738

1

(1967), Counsel for Williams asserts that there are no non-frivolous issues on appeal and seeks to withdraw as counsel. Although informed of his right to file a brief on his own behalf, Williams has not done so. Having reviewed the record, we agree with Defense Counsel that there are no non-frivolous grounds on which to base an appeal. Accordingly, we will affirm the District Court's Orders and grant Defense Counsel's motion for leave to withdraw.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

In January of 2006, the District Court sentenced Williams to a forty-month term of imprisonment, three years of supervised release, a fine, and a special assessment following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (E.D. Pa. No. 05-CR-00245-01.) In September of 2007, in a separate case, the District Court sentenced Williams to an eighteen-month term of imprisonment, three years of supervised release, a fine, and a special assessment following his guilty plea to escape from federal custody in violation of 18 U.S.C. § 751(a). (E.D. Pa. No. 06-CR-00724-01.)

Williams' first period of supervised release following the completion of his prison sentences resulting from his convictions began in July of 2008. Due to violations of the conditions of Williams' supervised release, the District Court revoked his supervised release in January of 2009 and sentenced him to a term of thirteen months' imprisonment

2

in each criminal case, to be served concurrently, followed by a twenty-three month period of supervised release.

Williams' second period of supervised release—at issue in this case—began on November 20, 2009. In October of 2010, the Probation Office filed petitions in both cases for the revocation of Williams' supervised release due to several alleged violations, including new criminal conduct resulting from an arrest on state charges for drug possession and intent to deliver and six other technical violations. In December of 2010, the Probation Office filed amended petitions alleging that Williams was arrested for a number of state crimes related to a separate incident, including burglary, theft, receipt of stolen property, and firearms violations. Subsequently, Williams pled guilty in state court to burglary and criminal conspiracy to commit burglary, and received a sentence of two to four years' imprisonment and two years of probation.

On February 22, 2012, the District Court conducted a hearing for the revocation of Williams' second period of supervised release. Williams did not contest the technical violations or the conviction after his guilty plea to the burglary and conspiracy to commit burglary charges. The Probation Office identified the state conviction as a Grade B Violation under U.S.S.G. § 7B1.1(a)(2). Williams' criminal history category for his first federal conviction was V and, therefore, the advisory United States Guidelines range was eighteen to twenty-four months' imprisonment. *Id.* § 7B1.4. Williams' criminal history category for his second federal conviction was VI, which resulted in a Guidelines range of twenty-one to twenty-seven months' imprisonment. *Id.* Under 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment that the District Court could impose for

violating the conditions of supervised release for each of Williams' two federal convictions was two years. After hearing from the Probation Officer, Defense Counsel, Williams, and the Government, the District Court sentenced Williams to twenty months' imprisonment for each case, to be served consecutive to each other and his state prison sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3), and we have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## A.

Pursuant to *Anders*, if defense counsel's review of the district court record persuades him or her "that the appeal presents no issue of even arguable merit," 3d Cir. L.A.R. 109.2(a), counsel may move to withdraw from representation. Counsel must "(1) . . . satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). While counsel need not raise and reject every conceivable claim, he or she "must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* When counsel files an *Anders* motion, we inquire both "(1) whether counsel adequately fulfilled [3d Cir. L.A.R. 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," then "we confine our scrutiny [in the second step of our analysis] to those portions of the record identified by [the] *Anders* brief." *Id.* at 301. If we agree with counsel's assessment of the appealable issues, we

"'will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.'" *Id.* at 300 (quoting 3d Cir. L.A.R. 109.2(a)). When reviewing an *Anders* motion, we exercise plenary review. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

B.

Defense Counsel identifies four potentially appealable issues: (1) whether a probation officer properly may initiate revocation proceedings by petitioning a district court; (2) whether the revocation proceedings complied with the requirements of Rule 32.1 of the Federal Rules of Criminal Procedure and due process; (3) whether there was sufficient evidence to find that Williams violated a condition of supervised release; and (4) whether the sentences the District Court imposed were reasonable. Defense Counsel has explained thoroughly why each of these four issues is frivolous, and, as a result, we conclude that Defense Counsel has met the requirements of *Anders* and 3d Cir. L.A.R. 109.2(a). Therefore, we will limit our independent review to the portions of the record that Defense Counsel identifies in the *Anders* brief. *See Youla*, 241 F.3d at 301. Based on our own review of the record, we agree that no non-frivolous grounds for appeal exist.

First, any issue challenging the propriety of the Probation Office initiating the revocation proceeding by filing a petition for revocation based on violations of supervised release would be frivolous. Every Court of Appeals to consider the issue has held that a probation officer may petition the district court to revoke supervised release. *See United States v. Ahlemeier*, 391 F.3d 915, 923-24 (8th Cir. 2004) (collecting cases).

5

Second, the revocation proceedings complied both with the requirements of Rule 32.1, which governs the revocation of supervised release, and with due process. As an initial matter, the fact that the District Court did not provide Williams a preliminary hearing is of no moment because he had been in state custody due to his state criminal matters and therefore he was not in custody for violating supervised release, which would have triggered the requirement for a preliminary hearing. *See* Fed. R. Crim. P. 32.1(b)(1). In addition, Williams' hearing was held within a reasonable time after his state adjudication; he was provided written notice of the allegations of his violations in the form of the Probation Office's petition and report; evidence against him was provided in the petition and at the hearing; he appeared at the hearing and was given an opportunity to offer evidence on his own behalf (but instead did not contest the violations); and he was represented by counsel. *See* Fed. R. Crim. P. 32.1(b)(2) (listing the rights of a defendant at a revocation hearing). The District Court also provided a written statement of the evidence it relied upon and its reasoning for revoking Williams' supervised release in the form of the hearing transcript and written orders for each case. *See United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (noting that minimum requirements of due process require that the factfinder provide a written statement explaining the evidence he or she relied upon and the reasons for revocation). Therefore, any argument relating to the adequacy of the revocation proceedings would be frivolous.

Third, any argument regarding the sufficiency of the evidence for finding that Williams violated the conditions of supervised release would be frivolous. At his revocation hearing, Williams did not contest the alleged violations. Indeed, he

6

acknowledged that he had pled guilty and been convicted of new criminal conduct in state court while on supervised release.

Finally, any issues relating to Williams' sentences would be frivolous because they were both procedurally and substantively reasonable. Because Williams' two underlying conviction offenses were Class C and D felonies, the District Court could have imposed a sentence of up to two years' imprisonment for each case. *See* 18 U.S.C. § 3583(e)(3); *see also United States v. Williams*, 675 F.3d 275, 279 (3d Cir. 2012) (holding that the statutory limit for imprisonment after revocation of supervised release is not reduced by the aggregate terms of imprisonment due to previous revocations of supervised release following the conviction offense). In addition, "a district court [has discretion] to impose consecutive terms of imprisonment upon revocation of supervised release—even when the sentences for the underlying crimes ran concurrently." *United States v. Dees*, 467 F.3d 847, 851-52 (3d Cir. 2006). Moreover, Williams' sentences were procedurally reasonable, as the District Court based the sentences on appropriately supported findings of fact, properly calculated the applicable Guidelines ranges, and gave adequate consideration to the relevant factors in 18 U.S.C. § 3553(a). *See United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568. Here, the District Court considered the applicable factors, noted that Williams' periods of supervised release had been remarkably

unsuccessful, and imposed sentences within, and one-month-shy of, the Guidelines

ranges.  As a result, we find that the sentences were substantively reasonable.

III.

Having concluded that Defense Counsel adequately fulfilled the requirements of

*Anders* and 3d Cir. L.A.R. 109.2(a), and finding no non-frivolous grounds for appeal

based on our independent review of the record, we will affirm the Orders of the District

Court and grant Defense Counsel's motion to withdraw.