NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‾‾‾‾‾‾‾‾‾‾‾‾‾

No. 11-2689

‾‾‾‾‾‾‾‾‾‾‾‾‾

UNITED STATES OF AMERICA

v.

AL HAYY HASAN,
a/k/a Haywood Hinton,

Appellant

‾‾‾‾‾‾‾‾‾‾‾‾‾

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00174-001)
District Judge: Honorable Legrome D. Davis

‾‾‾‾‾‾‾‾‾‾‾‾‾

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2013

Before: AMBRO, FISHER, and HARDIMAN, Circuit Judges

(Opinion filed: September 24, 2013)

‾‾‾‾‾‾‾‾‾‾‾‾‾

OPINION

‾‾‾‾‾‾‾‾‾‾‾‾‾

AMBRO, Circuit Judge

Appellant Al Hayy Hasan, also known as Haywood Hinton, pled guilty to bank

fraud in violation of 18 U.S.C. § 1344, and was sentenced to 57 months' imprisonment

followed by five years' supervised release after a successful appeal of his 60-month sentence. Hasan now appeals his revised sentence,[1] and his attorney has moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for this appeal are frivolous. Hasan has filed a *pro se* brief in support of his appeal. We grant his counsel's *Anders* motion and affirm Hasan's sentence.

## I. Background

In August 2005, Hasan and Deborah Phillips were arrested for attempting to open a bank account with false identification and a counterfeit credit card. Hasan admitted to providing Phillips with false documentation and possession of a counterfeit check for $8,111 that he was intending to deposit into the account to be opened by Phillips. A subsequent search of Hasan's car uncovered additional counterfeit account-opening documents, credit cards, and checks. Hasan admitted to receiving these materials from "Shafiq," and explained that an individual named Geneva Herbert helped supply him with necessary bank and account information for producing the counterfeit checks. Hasan also admitted to negotiating counterfeit checks through several bank accounts in New York between approximately June and October 2005.

Hasan pled guilty to bank fraud under 18 U.S.C. § 1344, and initially was sentenced to 60 months' imprisonment and five years' supervised release. In his first appeal, Hasan argued that the District Court erred by: (1) denying his motion to withdraw his guilty plea; (2) concluding that he had waived any objection to venue; (3)

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

improperly calculating the loss pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(1)(D); and (4) imposing a four-level leadership enhancement under U.S.S.G. § 3B1.1(a) for criminal conduct that was "otherwise extensive." Following oral argument, we held that the record was insufficiently developed to support the leadership enhancement under § 3B1.1, but concluded that Hasan's other challenges were "plainly without merit." *United States v. Hasan*, 407 F. App'x 602, 603 (3d Cir. 2011).

On remand, the District Court reduced Hasan's sentence to 57 months' imprisonment followed by five years' supervised release. It again applied the four-level enhancement under U.S.S.G. § 3B1.1(a) after finding that he was "an organizer or leader of a criminal activity that involved five or more participants." Hasan timely appealed.

## II. Discussion

In his *Anders* brief, Hasan's attorney addresses—and rejects—several potential grounds for appeal,[2] including the District Court's jurisdiction, the validity of the guilty plea, the legality of the sentence, the appropriateness of venue, and the increase in Hasan's offense level under U.S.S.G. § 3B1.1(a) for being "an organizer or leader of a

---

[2] Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." 3d Cir. L.A.R. 109.2(a). If we concur with counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, we conduct a twofold inquiry: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In doing so, we generally confine our scrutiny to the portions of the record identified in the briefs, *see id.* at 301, and apply plenary review in investigating those issues, *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

criminal activity that involved five or more participants." Responding *pro se*, Hasan presents arguments regarding venue, loss calculation, and the appropriateness of the leadership enhancement.

Upon review of the record, we are convinced that counsel "has thoroughly scoured the record in search of appealable issues" and that each potential issue identified is ultimately frivolous. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). First, we are satisfied that any issues regarding the District Court's jurisdiction, the validity of the plea, and the legality of the sentence offer no legitimate basis for appeal. And, although Hasan renews his arguments concerning improper venue and loss calculation in his *pro se* brief, we have concluded previously that these arguments are "meritless," and thus we have no need to address them further today. *See Hasan*, 407 F. App'x at 603.

The issue of the four-level enhancement, however, requires a brief discussion. Hasan argues that this enhancement cannot apply, as there was insufficient evidence that his criminal activity "involved five or more participants" as required by U.S.S.G. § 3B1.1(a). Participants include those that are "criminally responsible, *i.e.*, s/he must have committed all of the elements of a statutory crime with the requisite *mens rea*." *United States v. Badaracco*, 954 F.2d 928, 934–35 (3d Cir. 1992).

At resentencing, Hasan's attorney stipulated that there were four participants involved: Herbert, Phillips, Shafiq, and Hasan. The Government argued that there were additional participants, based in part on Hasan's post-arrest statements in which he named "Amin," "Slick," Frank Chapman, and other women as individuals he had worked with. Hasan, however, testified at his resentencing hearing that Chapman and Slick had

4

only assisted him in prior criminal schemes (resulting in conviction) and had died before the relevant criminal conduct. He similarly explained that Amin had been arrested a year before the relevant events. Finally, Hasan testified that the mention of other recruited women was in reference to past schemes.

Based solely on Hasan's testimony, Hasan's attorney argued that the aforementioned individuals were not involved in the particular crime charged. The District Court specifically found Hasan not credible, and concluded that the Government had established by a preponderance of evidence that the others had participated in the criminal activity, meaning the criminal activity involved "well in excess of five" participants. The Court further determined that Hasan was an organizer or leader, and held that the four-point enhancement was therefore applicable. Because these factual findings were not clearly erroneous, we uphold the application of that enhancement. *See United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007) (en banc); *United States v. Antico*, 275 F.3d 245, 268 (3d Cir. 2001), *abrogated on other grounds by Skilling v. United States*, 561 U.S. ___, 130 S. Ct. 2896, 2928 (2010).

\* \* \* \* \*

Hasan's counsel fulfilled adequately the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous grounds for direct appeal, we grant counsel's motion to withdraw and affirm Hasan's sentence.