**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3234
_____

UNITED STATES OF AMERICA

v.

TYRON ELLERBE,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00168-001)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
on October 6, 2015

Before:  SHWARTZ, KRAUSE, and GREENBERG, *Circuit Judges*

(Opinion filed October 29, 2015)
_____

OPINION*
_____

_____

    *This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Tyron Ellerbe pleaded guilty to two counts of possession of a firearm by a convicted felon and two counts of making false statements to a federal firearms licensee and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(A). The District Court sentenced Ellerbe to seventy months' imprisonment and thirty-six months' supervised release, which Ellerbe timely appealed. Ellerbe's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), arguing that Ellerbe's appeal contains no nonfrivolous issues. Ellerbe filed a pro se brief challenging his sentence based on the failure of the Bureau of Prisons to credit him for the time he served awaiting trial and because of representations made about the impact of his federal conviction on his then pending violation. We will grant counsel's motion to withdraw and affirm the order of the District Court.[1]

Our Court conducts a two-step inquiry when deciding whether to grant an *Anders* motion. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). First, we consider whether counsel has adequately fulfilled the requirements of Local Appellate Rule 109.2(a) by (1) "satisfy[ing] the [C]ourt that counsel has thoroughly examined the record in search of appealable issues" and (2) "explain[ing] why the issues are frivolous." *Id.* Second, we consider "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

2000)).  While we generally exercise plenary review, *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012), Ellerbe's unconditional guilty plea limits our review to three issues: (1) the jurisdiction of the District Court; (2) the validity of the defendant's plea; and (3) the legality of his sentence, *see United States v. Broce*, 488 U.S. 563, 569 (1989).

Here, counsel has discharged his duty under *Anders* to scour the record and explain why no issues for appeal are nonfrivolous.  Counsel's brief sufficiently explains that (1) Ellerbe's guilty plea was valid, and (2) the imposed terms of imprisonment and supervised release were proper.  We discuss each in turn.

First, Ellerbe's "knowing, voluntary, and intelligent" guilty plea was valid.  *See United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008).  To establish a valid plea, a court must "address the defendant personally in open court [and] . . . inform the defendant of, and determine that the defendant understands" his various rights; "determine that the plea is voluntary"; and "determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(1)-(3).  The record shows that the District Court's plea colloquy was comprehensive and complied with Rule 11.  While there was some discussion during the plea colloquy of whether Ellerbe could appeal the District Court's denial of his motion to suppress, the District Court made clear that Ellerbe would not be able to challenge the denial of his motion if he entered a guilty plea, and Ellerbe twice acknowledged that he understood.  As we can discern no plausible argument that Ellerbe's plea was not "knowing, voluntary, and intelligent," *Tidwell*, 521 F.3d at 251, an appeal challenging the validity of the guilty plea would be frivolous.

3

Second, the imposed terms of imprisonment and supervised release were proper. Violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(A) carry a ten- and five-year statutory maximum sentence, respectively. *See* 18 U.S.C. § 924(a)(1)-(2). The District Court considered the advisory range of 63-78 months under the Sentencing Guidelines, and, after diligently considering the sentencing factors set forth in 18 U.S.C. § 3553(a), *see United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc), imposed a sentence near the middle of that range. As for supervised release, while the District Court could have imposed a term of up to twelve years, *see* 18 § U.S.C. 3583(b)(2), it limited Ellerbe's supervised release to thirty-six months. Thus, the District Court's imposition of seventy months' imprisonment and thirty-six months' supervised release fell within the applicable statutory and advisory ranges, and Ellerbe's challenge to the term of imprisonment stemming from the BOP's failure to credit him for time served is frivolous.[2]

---

[2] Insofar as Ellerbe is arguing that the District Court's judgment stating that the "defendant shall receive credit for all time served in custody for this offense," App. A3, compels the BOP to credit Ellerbe for the time, such an argument is properly raised through administrative remedies or a writ of habeas corpus. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that the Attorney General has the exclusive authority to compute credit for time served under 18 U.S.C. § 3585(b)); *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990) (holding that "issues that affect a prisoner's term are fundamental issues of liberty" falling within our § 2241 jurisdiction).

Ellerbe's assertion about representations made concerning the impact of his federal conviction on his then pending probation violation also does not present a nonfrivolous claim as the sentence imposed was reasonable and lawful. Moreover, even if the District Court was informed that the parole authorities were not going to punish

4

Turning now to our independent review of the record, we discern no nonfrivolous issue left unaddressed by counsel that could arguably support an appeal. *See Youla*, 241 F.3d at 300. Indeed, of the issues to which our review is limited as a result of Ellerbe's unconditional plea, the only one not addressed by counsel is the District Court's jurisdiction, which was assured by the fact that this case involved four counts of federal criminal offenses. *See* 18 U.S.C. § 3231. Ellerbe's arguments in his pro se brief do not raise any additional nonfrivolous issues. Thus, any appeal challenging the District Court's jurisdiction also would be frivolous.

\* \* \*

In sum, counsel's *Anders* brief adequately analyzes the only issues that could have been mounted on appeal, and we therefore will grant counsel's *Anders* motion and affirm the order of the District Court.

---

him for his conduct, it could have used this information to decide to increase his federal sentence.