**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3616

CARL SIMON,

Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS

On Appeal from the District Court
of the Virgin Islands – Appellate Division
(D. C. No. 3-03-cv-00024)
District Judge:  Honorable Daryl D. Donohue
District Judge:  Honorable Raymond L. Finch
District Judge:  Honorable Curtis V. Gomez

Argued on December 8, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, <u>Circuit</u>
<u>Judges</u>

(Opinion filed: May 9, 2012)

Joseph A. DiRuzzo, III, Esquire **(Argued)**
Fuerst Ittleman
1001 Brickell Bay Drive
Suite 3200
Miami, FL   33131

Counsel for Appellant

Office of Attorney General of the Virgin Islands
Department of Justice
Tiffany V. Monrose, Esquire **(Argued)**
34-38 Kronprindsens Gade, GERS Complex, 2nd Floor
Charlotte Amalie
St. Thomas, VI   00802

Counsel for Appellee

O P I N I O N

**ROTH**, Circuit Judge:

Carl Simon appeals the August 6, 2009 order of the Appellate Division of the District Court of the Virgin Islands, affirming the July 18, 2002 judgment of the Territorial Court of the Virgin Islands, denying post-conviction relief. For the reasons that follow, we will vacate the order of the Appellate Division and remand the case for further proceedings.

# I. BACKGROUND

## A. The Crime

In September 1993, Carl Simon, James Roach, and another individual burglarized a house on St. John. Elroy Connor and Daniel Ezekiel, one of whom was an occupant of the house, arrived during the burglary. During an ensuing altercation, Ezekiel was shot dead. The three assailants fled the scene with money and other valuables. Simon and Roach were later separately apprehended.

## B. The Trial

On May 25, 1994, a two-count Information was filed against Simon in the Territorial Court of the Virgin Islands that charged premeditated murder, in violation of 14 V.I.C. §§ 921 and 922(a)(1), and burglary, in violation of 14 V.I.C. § 444(1). The Information was subsequently amended, and the case proceeded to trial on three counts: felony murder, in violation of 14 V.I.C. § 922(a)(2) (Count I), robbery in the first degree, in violation of 14 V.I.C. § 1862(2) (Count II), and burglary in the third degree, in violation of 14 V.I.C. § 444(1) (Count III).

Augustin Ayala of the Territorial Public Defender's Office was appointed to represent Simon. Simon repeatedly moved to dismiss Ayala, complaining that Ayala would not return his calls or visit him. In turn, Ayala moved to withdraw as counsel, expressing difficulties in representing a "hostile client" and concern that Simon was "plotting some kind of strategy against me, in that he is going to, at some

point or the other, claim ineffective assistance of counsel." The Territorial Court declined to relieve Ayala each time, and Simon proceeded to trial with Ayala as counsel.

The trial began on January 23, 1995. Roach, who had already been separately tried before the District Court of the Virgin Islands and convicted of first degree murder, testified at trial on behalf of the government. Roach admitted that he had committed perjury at his own trial, explained that he had requested to be placed in solitary confinement because of death threats by Simon's brother, and testified that the local government had promised him protection. Roach also stated that he had not received any promises from the government regarding a reduced sentence in exchange for his testimony against Simon.

Ayala did not give an opening statement, call any witnesses, or object to closure of the courtroom during closing arguments and jury instructions. Ayala's motion for dismissal pursuant to Fed. R. Crim. P. 29 was denied. In closing, the government emphasized Roach's fear of Simon and stated that Roach "had nothing to gain by being a snitch. He only had something to lose, his life." After a two-day trial, the jury found Simon guilty on all three counts.

On February 22, 1995, Simon was sentenced to a term of life imprisonment without parole on Count I, seven and a half years on Count II, and three and a half years on Count III, all to be served concurrently.

### C. Direct Appeal

4

On February 27, 1995, both Ayala and Simon filed a Notice of Appeal to the Appellate Division of the District Court of the Virgin Islands. The Appellate Division affirmed Simon's conviction on August 20, 1997. On September 22, 1997, Simon filed a *pro se* Notice of Appeal to this Court. We dismissed the appeal for lack of jurisdiction because it was untimely.

Meanwhile, on September 1, 1995, a stipulation to vacate the first degree murder conviction was filed in Roach's case. On June 12, 1996, the United States Attorney's Office for the District of the Virgin Islands filed a substantial assistance motion for the reduction of Roach's sentence on the basis of his testimony against Simon. That same day, Roach pled guilty to second degree murder and was sentenced to twenty years in prison.

### D. Habeas Petition

On February 28, 2000, Simon filed a petition for a writ of habeas corpus pursuant to 5 V.I.C. § 1301, with the Territorial Court. It was denied on July 18, 2002. Simon appealed to the Appellate Division, which appointed Beth Moss as counsel and issued a briefing schedule on March 5, 2004, amended July 5, 2005. On April 14, 2004, Moss moved to withdraw pursuant to *Anders* procedures. The Appellate Division granted the motion and appointed Carolyn Hermon-Percell to represent Simon. On September 29, 2005, Hermon-Percell identified seven possible issues for appeal, found them to be without arguable merit, and moved to withdraw pursuant to *Anders*.

5

In September 2007, the Appellate Division, apparently *sua sponte*, remanded the appeal to the Superior Court[1] to determine whether a Certificate of Probable Cause (CPC) should be issued pursuant to V.I. R. App. P. 14(b).[2] On February 22, 2008, the Superior Court issued a CPC, discussing in particular Simon's claims regarding the improper amendment of the Information and alleged *Brady* violation. The CPC was received by the Appellate Division on October 2, 2008. On August 6, 2009, the Appellate Division affirmed the denial of the habeas petition based on Hermon-Percell's *Anders* brief, which it found "adequate on its face," and granted Hermon-Percell's motion to withdraw.

Simon appealed. On December 17, 2010, we issued a Certificate of Appealability, appointed Joseph A. DiRuzzo, III as counsel, and directed the parties to address:

> the question whether the Appellate Division of the District Court for the Virgin Islands erred in applying the procedures of *Anders v. California*, 386 U.S. 738 (1967), to assess the motions filed by court-appointed counsel to withdraw from representing Simon on post-conviction appeal.

---

[1]The Virgin Islands Legislature statutorily changed the name of the Territorial Court to the Superior Court, effective January 1, 2005.

[2]Rule 14(b) provides that an appeal of the denial of a habeas petition may not proceed in the Appellate Division without a CPC.

6

We subsequently denied the government's motion to dismiss the case for lack of jurisdiction and directed the parties to address "any and all jurisdiction issues including the jurisdictional issue raised by the Government as well as the District Court's jurisdiction following remand."

In the meantime, on July 31, 2009, Simon filed another petition for a writ of habeas corpus pursuant to 5 V.I.C. § 1301 with the Superior Court, which denied the petition on September 22, 2010.  Simon's appeal to the Virgin Islands Supreme Court, for which he is also represented by Joseph A. DiRuzzo, III, remains pending.

## II. <u>DISCUSSION</u>

### A.  Jurisdiction

The government contends that we lack jurisdiction because the case before us is a split appeal that raises issues identical to those raised in the appeal pending before the Virgin Islands Supreme Court.  Because the appeal of the Appellate Division's August 6, 2009 order is before us in full, however, the case before us is not a split appeal within the meaning of *Two Guys From Harrison-Allentown, Inc. v. McGinley*, 273 F.2d 954 (3d Cir. 1954) (holding that Court of Appeals lacked jurisdiction of a split appeal of an order of a three-judge court, the constitutional issue having been appealed to the Supreme Court and the discriminatory enforcement issue having been appealed to the Court of Appeals).

We raised *sua sponte* the issue of whether the Appellate Division had—and consequently whether we

7

have—jurisdiction over this appeal following the remand from the Appellate Division to the Superior Court in September 2007. After the Virgin Islands Supreme Court was created on January 29, 2007, it assumed jurisdiction over all appeals from the Superior Court, except for those "then pending" before the District Court. 48 U.S.C. § 1613a(d). A case remains "pending" before the District Court if the remand was a record remand, meaning the record was returned to the Superior Court for a specific purpose, rather than a case remand, meaning the case was returned to the Superior Court for all purposes. *See Hypolite v. Virgin Islands*, S. Ct. Crim. No. 2007-135, 2009 WL 152319, at *3-4 (V.I. Jan. 21, 2009) (per curiam); *see also Martinez v. Stridiron*, S. Ct. Civ. No. 2011-0014, 2011 WL 1483260, at *4-5 (V.I. Mar. 22, 2011) (per curiam) (discussing record remands and case remands).

Here, the Appellate Division's remand to the Superior Court was for the specific purpose of determining whether a CPC should be issued. Once the CPC was issued, the Appellate Division received the appeal back again under the same appeal number. We conclude, therefore, that the remand was a record remand and that the Appellate Division kept jurisdiction of the appeal during the remand. It therefore had appellate jurisdiction over decisions rendered by the Territorial Court pursuant to 48 U.S.C. §§ 1613a(a) and 1613a(d). Accordingly, we have jurisdiction pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c).

## B. *Anders* Procedures

Simon contends that the Appellate Division erred by applying *Anders* procedures in the habeas context and by affirming the Territorial Court's denial of his habeas petition. We review legal conclusions *de novo* and factual findings for clear error. *Pittsburgh League of Young Voters Educ. Fund v. Port Auth. of Allegheny Cnty.*, 653 F.3d 290, 295 (3d Cir. 2011).

Under *Anders v. California*, 386 U.S. 738 (1967), counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). We exercise plenary review to determine whether there are any such issues. *See Penson v. Ohio*, 488 U.S. 75, 80-83 & n.6 (1988). We must determine: 1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues.[3] *United States v. Coleman*, 575 F.3d

---

[3]Third Circuit Local Appellate Rule 109.2(a) states:
"Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States. The United States shall file a

316, 319 (3d Cir. 2009). An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits. *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001).

### 1. The Appellate Division did not err by applying *Anders* procedures in the habeas context

Simon argues that the Appellate Division erred by applying *Anders* procedures to allow court-appointed appellate counsel to withdraw from post-conviction representation. Simon urges this Court to impose a rule that would require such an attorney to fully brief the merits of an appeal of the denial of a habeas petition, even though there is no constitutional right to counsel in the habeas context.

*Anders* procedures are meant to protect a defendant's constitutional right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987). Because that right exists on direct appeal but not in collateral proceedings, *Anders*

brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing."

10

procedures are not required in the habeas context. *See id.* at 555, 557 ("Since respondent has no underlying constitutional right to appointed counsel in state post-conviction proceedings, she has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right.").

Because *Anders* procedures afford heightened protections, however, it is not erroneous to apply them in the habeas context. Indeed, *Anders* procedures afford the petitioner a more careful review of the merits of an appeal than might occur without an attorney or with a less than conscientious attorney. Applying *Anders* procedures in the habeas context does not deprive the petitioner of anything that he would be given in any other format. The Appellate Division did not, therefore, err by applying *Anders* procedures in the habeas context.

**2. The Appellate Division erred by finding counsel's *Anders* brief sufficient as a matter of law**

Simon contends that the Appellate Division erred by affirming the denial of his habeas petition based on Hermon-Percell's *Anders* brief. We agree.

When the Superior Court issued the CPC, it noted that "although the grounds for granting habeas corpus are quite narrow, it appears to the Court that Simon's amended petition for habeas relief was not frivolous." In particular, the Superior Court discussed Simon's claims regarding the improper amendment of the Information and alleged *Brady* violation and concluded that "these and other issues raised by

11

Simon in his Amended Petition for Writ of Habeas Corpus are deserving of consideration by the Appellate Division."

Yet, in affirming the denial of Simon's habeas petition, the Appellate Division based its analysis on Hermon-Percell's *Anders* brief, which was filed before the CPC was issued. The Appellate Division concluded that Hermon-Percell's *Anders* brief was "adequate on its face," confined its review to the issues raised therein, and expressly found that the issues raised were frivolous.

In light of the CPD, however, Hermon-Percell's *Anders* brief was inadequate. For example, with respect to the alleged *Brady* violation, according to the record, Roach was approached by the government to testify against Simon. In view of that fact, it was inadequate for Hermon-Percell to fail to explore in her *Anders* brief the issue of whether there was a tacit agreement between Roach and the government. Moreover, although Roach denied having received any promises from the government regarding a reduced sentence in exchange for his testimony against Simon, 18 months later the U.S. Attorney filed a substantial assistance motion to reduce Roach's sentence. Even if Hermon-Percell had missed these significant facts on her review of the case, once the Superior Court issued the CPC, clearly there was arguable merit to the appeal. The Appellate Division should then have ordered briefing on the merits – either by Hermon-Percell or by substitute counsel, as we would have done pursuant to LAR 109.2(a).

Because there were nonfrivolous issues that the Appellate Division should have reviewed on the merits, we will vacate the Appellate Division's order and remand the

12

case to the Appellate Division for appointment of new counsel and full briefing and consideration of the merits. Issues to be fully briefed on remand should include, but are not limited to, the issues discussed in the CPC. We note that Simon has raised other issues before us, such as ineffective assistance of counsel claims, that counsel may also choose to address upon remand. We express no view on the merits of any of the issues raised.

## III. <u>CONCLUSION</u>

For the reasons set forth above, we will vacate the order of the Appellate Division and remand the case for further proceedings in accordance with this opinion.

13