NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3013
_____

UNITED STATES OF AMERICA

v.

HAZIZ SELF, a/k/a Hazek

Haziz Self,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00512-002)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2013

Before:  FUENTES, FISHER and CHAGARES, *Circuit Judges*.

(Filed: August 14, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Haziz Self was convicted of two offenses based on his distribution of

approximately twelve grams of crack cocaine.  Self now appeals from the District Court's

resentencing decision after our remand of his direct appeal.  Self's counsel also moves to

withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For the reasons stated

below, we will affirm Self's judgment of sentence, and we will grant counsel's motion to withdraw.

I.

Because we write principally for the parties, we will set forth only the factual background and procedural history necessary to our analysis.

Self was convicted of distribution and aiding and abetting distribution of five grams or more of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count One), and of distribution and aiding and abetting distribution of five grams or more of cocaine base within one thousand feet of a housing facility owned by a public housing authority, in violation of 21 U.S.C. § 860(a) (Count Two). The District Court originally sentenced Self to a mandatory minimum 10-year term of imprisonment under 21 U.S.C. § 841(b)(1)(B), an 8-year term of supervised release, a $1,000 criminal fine, and a $100 special assessment. Self appealed, raising six challenges to his convictions and sentence. *United States v. Self*, 681 F.3d 190, 197 (3d Cir. 2012). We affirmed Self's convictions, but we vacated his sentence, holding that the Fair Sentencing Act of 2010 applied and precluded the mandatory minimum sentence. *Id.* at 202-03.

On remand for resentencing, it was undisputed that that Self's total offense level was 22, his criminal history category was III, his Guidelines range was 51 to 63 months, and his statutory maximum was life imprisonment. Before resentencing, the District Court provided notice that it would consider an upward variance. At resentencing, Self

2

suggested a within-Guidelines sentence, his counsel requested a downward variance, and the Government proposed a 63-month term of imprisonment. The District Court imposed an above-Guidelines 72-month term of imprisonment, a statutorily-mandated 12-year term of supervised release, a below-Guidelines $1,000 criminal fine, and a $100 special assessment.[1]

Self directed counsel to file a notice of appeal. Counsel then moved to withdraw under *Anders* and Third Circuit Local Appellate Rule 109.2 based on his belief that Self's appeal lacks any issue of arguable merit. Self, who was served with a copy of counsel's motion to withdraw and *Anders* brief, has not filed a *pro se* brief in support of the appeal.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Counsel may file a motion to withdraw together with a supporting brief under *Anders* if, after reviewing the district court record, he "is persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). "We exercise plenary review to determine whether there are any such issues." *Simon v. Gov't of the V.I.*, 679 F.3d 109, 114 (3d Cir. 2012) (citation omitted). When counsel files an *Anders* brief, we ask two questions: (1) whether counsel thoroughly scoured the record in search of appealable issues and explained why any issues are frivolous, and (2) whether an

---

[1] At both sentencing and resentencing, Count One, as a lesser included offense, merged with Count Two.

independent review of the record reveals any issues that are not frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that the brief appears to be facially adequate, then we will rely on it to guide our review. *Id*. at 301.

We apply the same sentencing framework "both at a defendant's initial sentencing and at any subsequent resentencing after a sentence has been set aside on appeal." *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011) (citations omitted). Namely, we "ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). "[T]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*) (quotation omitted). The appellant bears the burden of demonstrating the sentence's unreasonableness, and we review the district court's decision for an abuse of discretion. *Id.* at 567.

### III.

We are satisfied that counsel's *Anders* brief, which identifies a possible issue, reviews the relevant law, explains the frivolous nature of the appeal, and includes an appendix with salient portions of the record, appears to be adequate on its face. Thus, our review is guided by the *Anders* brief, and our analysis focuses on the only potentially appealable issue presented: whether the District Court's resentencing decision on remand

was procedurally or substantively unreasonable. We agree with counsel that this issue is frivolous.

We first consider whether the District Court imposed a procedurally unfair sentence, *Tomko*, 562 F.3d at 567, for example, by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range," *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the record reflects that the District Court first correctly calculated the Guidelines range, which it recognized as advisory. Supp. App. at 6, 13; *see United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Next, the court confirmed that there were no departure motions. Supp. App. at 6; *see Gunter*, 462 F.3d at 247. The court finally heard and discussed counsel's arguments for a downward variance, considered the relevant § 3553(a) factors, and imposed an above-Guidelines term of imprisonment because Self "committed the instant offense while he was on work release for [a prior felony drug] offense," and a below-Guidelines criminal fine because Self "d[id] not have the ability to pay a fine within the guideline range." Supp. App. at 7-9, 11-13, 17; *see Gunter*, 462 F.3d at 247. We conclude that the sentence was procedurally reasonable.

We next examine whether the District Court imposed a substantively unreasonable sentence, *Tomko*, 562 F.3d at 567, "tak[ing] into account the totality of the circumstances,

5

including the extent of any variance from the Guidelines range," *Gall*, 552 U.S. at 51. We do not presume that a sentence outside the Guidelines is unreasonable. *Id.* Indeed, because of the deference we owe to a district court's determination that a variance is warranted, the mere fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* Here, the District Court discounted counsel's arguments about Self's rehabilitation in prison and low risk of recidivism. Supp. App. at 13. Instead, the court, focusing on the "extremely disturbing" fact that Self "was on work release for another drug-related crime when he committed this crime," decided that "[t]he interests of general and specific deterrence militate[d] strongly in favor of an upward variance." *Id.* at 12. On this basis, the court imposed a sentence only nine months above the top of the advisory Guidelines range. Because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Self] for the reasons the [D]istrict [C]ourt provided," *Tomko*, 562 F.3d at 568, we conclude that the sentence was substantively reasonable.

IV.

For the reasons stated above, we will affirm the District Court's judgment of sentence and grant counsel's *Anders* motion.