NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  12-2124
_____

RICKY MALLORY,

Appellant

v.

TABB BICKELL, SUPERINTENDENT, SCI HUNTINGDON;
DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 11-cv-05202)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2014

Before:  HARDIMAN, SLOVITER and BARRY, *Circuit Judges*.

(Filed: April 14, 2014)

_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Ricky Mallory appeals the District Court's order dismissing his petition for writ of

habeas corpus under 28 U.S.C. § 2254 and denying his motion to stay federal

proceedings. Mallory's counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1] For the reasons that follow, we will grant counsel's motion and affirm the judgment of the District Court.

## I

As the lower courts have aptly noted, "[t]his case has a long and tortured procedural history." In 1998, Mallory was tried in Pennsylvania state court for attempted murder and related charges. Prior to trial, Mallory signed, with the aid of counsel, a standard jury trial waiver form and completed a lengthy written waiver colloquy. The trial court did not conduct an oral colloquy, and Mallory's counsel never requested one. The court convicted Mallory of the charges and sentenced him to 35 to 70 years' imprisonment.[2] Mallory unsuccessfully appealed his conviction to the Pennsylvania Superior Court, *Commonwealth v. Mallory*, 761 A.2d 1236 (Pa. Super. Ct. 2000), and the Pennsylvania Supreme Court, *Commonwealth v. Mallory*, 766 A.2d 1245 (Pa. 2000).

On December 11, 2001, Mallory sought collateral relief in the Philadelphia County Court of Common Pleas under the Pennsylvania Post-Conviction Relief Act (PCRA), 42

---

[1] While court-appointed habeas counsel is not required to comply with *Anders*, *see Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987), we have held that "[b]ecause *Anders* procedures afford heightened protections . . . it is not erroneous to apply them in the habeas context." *Simon v. Gov't of the V.I.*, 679 F.3d 109, 115 (3d Cir. 2012). Accordingly, and because no party has raised any issue as to the applicability of *Anders*, we analyze counsel's request to withdraw under the *Anders* framework.

[2] Mallory was initially sentenced to 45 to 90 years' incarceration. He then filed a motion for reconsideration, and the court reduced his sentence to 35 to 70 years' incarceration.

Pa. Cons. Stat. §§ 9541–51, alleging, *inter alia*, that trial counsel was ineffective for failing to ensure an oral waiver colloquy. The PCRA trial court granted Mallory a new trial on the grounds that his lawyer's failure to ensure an oral jury waiver colloquy constituted ineffective assistance of counsel. The PCRA trial court found his other claims moot.

The Commonwealth appealed. In November 2005, the Pennsylvania Superior Court vacated the order granting a retrial and remanded to the PCRA trial court to reach Mallory's outstanding claims. On appeal, the Pennsylvania Supreme Court reversed the Superior Court, holding that the court should have analyzed for harmless error, and remanded to the PCRA trial court to address the question of whether Mallory's trial counsel provided ineffective assistance. *Commonwealth v. Mallory*, 941 A.2d 686 (Pa. 2008). The Commonwealth petitioned the Supreme Court of the United States for writ of certiorari, but was denied. *Pennsylvania v. Mallory*, 555 U.S. 884 (2008).

On remand, the PCRA trial court again granted Mallory relief on the jury trial waiver issue and ordered a retrial. Once again, the Commonwealth appealed and the Pennsylvania Superior Court vacated the order for a retrial, holding that the trial court's finding of ineffective assistance of counsel was in error. *Commonwealth v. Mallory*, 6 A.3d 551 (Pa. Super. Ct. 2010). The Pennsylvania Supreme Court denied Mallory's petition for allowance of appeal. *Commonwealth v. Mallory*, 21 A.3d 1191 (Pa. 2011).

The case then proceeded before the PCRA trial court, as Mallory's outstanding

claims were ripe for review. Mallory filed a motion requesting leave to amend his petition to include a challenge to his sentence. In January 2012, the PCRA trial court dismissed the motion because the request to amend the petition was untimely. Mallory appealed, and the Pennsylvania Superior Court vacated the PCRA trial court's dismissal, finding that Mallory's amended petition was not untimely, and remanded all of Mallory's remaining claims to the PCRA trial court, except for his claims challenging the legality of his sentence, which it dismissed on the merits.

In August 2013, Mallory filed, with the assistance of counsel, an application for reconsideration en banc in the Superior Court, seeking a rehearing of his claims relating to the legality of his sentence. The Pennsylvania Superior Court denied this application on September 25, 2013 and remanded for further proceedings. Mallory appealed to the Pennsylvania Supreme Court, where the matter is still pending.

Meanwhile, in August 2011, Mallory—whose remaining PCRA claims were still pending in the PCRA trial court—filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. In addition, Mallory filed a motion requesting a stay of his federal habeas action pending the decision of the Pennsylvania courts. In February 2012, Magistrate Judge Henry Perkin recommended the denial of Mallory's request to stay proceedings and the dismissal, without prejudice, of Mallory's habeas petition for failure to exhaust state remedies. Magistrate Judge Perkin found that while Mallory's one-year federal habeas limitation

4

period began to run on March 12, 2001 (the date of final review in Pennsylvania courts), the limitations period was tolled because he had filed his original state PCRA petition on December 11, 2001, stopping the clock 274 days into the year-long period. *Id.* This left Mallory with 91 days to file his habeas petition once his ongoing PCRA proceedings become final and his state remedies are exhausted.

In March 2012, the District Court adopted the Magistrate Judge's recommendation, dismissing Mallory's petition without prejudice for failure to exhaust and denying his motion to stay federal proceedings. In April 2012, Mallory appealed the District Court's ruling. One year later, we granted a certificate of appealability on the issue of whether the District Court abused its discretion in denying the stay and dismissing the habeas petition without prejudice for failure to exhaust. We appointed a Federal Public Defender to represent Mallory on appeal. His counsel then moved to withdraw pursuant to *Anders.*

## II[3]

When a motion is filed pursuant to *Anders*, we determine whether: (1) counsel adequately fulfilled the *Anders* requirement; and (2) an independent review of the record presents any non-frivolous issues for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

---

[3] The District Court had jurisdiction under 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review the District Court's order de novo. *Thomas v. Horn*, 570 F.3d 105, 113 (3d Cir. 2009).

To meet the first prong, appointed counsel must examine the record, conclude that there are no non-frivolous issues for review, and request permission to withdraw. Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Mallory's counsel identified two potential grounds for appeal and demonstrated why they lack merit: (1) Mallory's habeas claim was properly dismissed without prejudice because he has not exhausted state remedies; and (2) Mallory's motion for a stay was properly denied because the District Court's dismissal of the habeas petition without prejudice does not jeopardize the viability of Mallory's collateral claim once state remedies are exhausted.

First, counsel rightly concluded that there is no viable ground for appeal of the dismissal of his habeas petition. A habeas petition cannot proceed unless all meritorious claims have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1). Mallory's appeal involves a "mixed petition," consisting of both exhausted and unexhausted claims. Faced with a mixed petition, a district court has four options: (1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow Mallory to delete his unexhausted claims; and (4) deny the petition if it found all of Mallory's unexhausted claims to be meritless under § 2254(b)(2) (allowing the denial of a petition on the merits "notwithstanding the failure of the applicant to exhaust"). *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005).

Because the statute of limitations has not yet run on Mallory's habeas claim, he

6

suffers no adverse consequences from the District Court's dismissal of his petition without prejudice. His ability to re-file his petition is preserved for 91 days following the completion of his PCRA proceedings. Therefore, the District Court properly denied his petition without prejudice.

Second, there is no viable ground for appealing the denial of Mallory's request for a stay, which should be granted only in "limited circumstances." *Rhines*, 544 U.S. at 277. A stay is appropriate "where an outright dismissal could jeopardize the timeliness of a collateral attack." *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004). In Mallory's case, the dismissal of his habeas petition does not jeopardize his ability to timely re-file it once he has exhausted state remedies. Therefore, this claim fails.

We find that counsel's thorough discussion of the reasons as to why no appealable issue exists meets the requirements of *Anders*'s first prong. Our independent review of the record confirms counsel's conclusion that there are no non-frivolous issues for appeal.

III

For the reasons stated, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw.