NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2512
_____

UNITED STATES OF AMERICA

v.

WALTER THOMAS,
                          Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-13-cr-00056-005)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2016

Before:  FISHER, RENDELL and BARRY, *Circuit Judges*.

(Filed: April 26, 2016)
_____

OPINION[*]
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

Walter Thomas pleaded guilty to possession with intent to distribute heroin and was sentenced to 48 months' imprisonment. Thomas appealed, and defense counsel moved to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967). We will grant defense counsel's motion to withdraw and affirm the district court's judgment.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In May 2013, law enforcement officers intercepted a series of telephone calls during which Thomas ordered 16 logs of heroin. He later increased his order to 25 logs. Based on these phone calls, the officers set up surveillance outside the house where the drug deal was to take place. At the designated time, several persons (including Thomas) arrived at the house, entered it, and then left. The officers followed Thomas to a nearby shopping center. Thomas pulled next to another vehicle and handed that driver a white and pink bag. Both cars drove away. The officers followed the car driven by the recipient of the white and pink bag and then, during a traffic stop, took the bag from the driver and found that it was filled with 25 logs (about 50 grams) of heroin. A month later, Thomas and six of his co-conspirators were arrested.

Thomas pleaded guilty to possession with intent to distribute heroin. At the plea hearing, the district court conducted a thorough colloquy to ensure that Thomas's guilty plea was knowing and voluntary and that there was a factual basis for the plea.[1] The district court informed Thomas that he was under oath and then confirmed that Thomas was not under the influence of drugs or alcohol. The court advised Thomas of his right to counsel and confirmed that Thomas was satisfied with his counsel. The court then ensured that Thomas understood the charges against him. Before accepting Thomas's guilty plea, the court advised him of the rights he was forfeiting by pleading guilty and explained the following: that Thomas had the right to plead not guilty and proceed to a trial by jury; that, at a trial, he would be assisted by an attorney; that he would have the right to confront all witnesses and to cross-examine them, as well as the right to compel the attendance of witnesses; that he had the right not to incriminate himself; and that the government would bear the burden of proof at trial and would have to prove all the elements of the charge beyond a reasonable doubt. Thomas then acknowledged that he was giving up those rights.

The court also informed Thomas of the elements of the offense he was pleading guilty to. The government reviewed the factual basis for the plea, and Thomas stated on the record that he agreed with the recitation of the facts. The court then stated the maximum penalty for the offense. The court also reviewed each paragraph of the plea

---

[1] App. 38–52.

agreement, including the appellate waiver provision—Thomas acknowledged that he was waiving his appellate rights.

At sentencing, the district court determined that Thomas's base offense level was 22, which the court reduced by two points for acceptance of responsibility, and that Thomas's criminal history category was III. His Guidelines range was 41 to 51 months, and the district court imposed a sentence of 48 months' imprisonment to be followed by a three-year term of supervised release. Thomas timely appealed.

## II.[2]

Thomas's court-appointed counsel determined that an appeal would be wholly frivolous and has accordingly requested permission to withdraw. Under *Anders*, "counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal."[3] "We must determine: 1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues."[4]

## A.

To meet the first prong, counsel must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

[4] *Id.*

4

issues are frivolous."[5] "Counsel need not raise and reject every possible claim," but he must "provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised."[6]

Here, Thomas's counsel has satisfied the first prong. After a thorough examination of the record, defense counsel identified the following issues that Thomas could raise on appeal following a guilty plea: whether the district court had jurisdiction to accept Thomas's guilty plea; whether the guilty plea colloquy fully complied with Rule 11 of the Federal Rules of Criminal Procedure; whether Thomas attempted to withdraw his guilty plea and, if he did, whether the district court properly denied such a request; and whether Thomas's sentence was substantively reasonable. Defense counsel reviewed the law related to those issues in his brief and attached an appendix with the relevant portions of the record, demonstrating that he thoroughly searched the record and the law in service of his client. Furthermore, counsel set forth in his brief the basis for his conclusion that the issues were frivolous. Because defense counsel fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), we accept his *Anders* brief as adequate.

---

[5] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *see also* 3d Cir. L.A.R. 109.2(a) ("Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief . . . .").

[6] *Youla*, 241 F.3d at 300–01 (internal quotation marks omitted).

B.

Prong two of the inquiry requires an "independent review" of the record to determine whether Thomas's appeal presents any non-frivolous issues for review.[7] "Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself."[8] "An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits."[9]

Following the guidance of defense counsel's *Anders* brief, we consider the issues that could be raised on appeal under these circumstances. We agree with defense counsel that the issues identified in his *Anders* brief lack any non-frivolous basis. First, the district court clearly had jurisdiction under 18 U.S.C. § 3231 over the drug offenses for which Thomas was charged.[10] Second, after a review of the plea colloquy, we conclude that the district court fully complied with the plea requirements outlined in Rule 11. There is no doubt that Thomas's decision to plead guilty was knowing and voluntary.[11] Third, Thomas never attempted to withdraw his guilty plea. While it is true that Thomas stated during his sentencing hearing that he only pleaded guilty because certain evidence was

---

[7] *Id.* at 300.

[8] *Id.* at 301 (internal quotation marks omitted).

[9] *Id.* (alterations and internal quotation marks omitted).

[10] "[I]t shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).

[11] We note also that Thomas's plea agreement contained an appellate waiver provision.

6

not suppressed and that he did not feel he would get a fair trial as a result, there is nothing in the record that shows that Thomas attempted to withdraw his knowing and voluntary plea of guilty.[12] Fourth, the sentence imposed was substantively reasonable. In assessing substantive reasonableness we will "affirm [the district court] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[13] The sentence falls within the Guidelines range, and the District Court considered the relevant factors under 18 U.S.C. § 3553(a).

III.

We agree with defense counsel's assessment of Thomas's appeal. Our independent review of the record has failed to reveal any non-frivolous issues for appeal. We will accordingly grant defense counsel's motion to withdraw and affirm Thomas's conviction and sentence.

---

[12] *See* App. 59–63.

[13] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).