**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1078
_____

UNITED STATES OF AMERICA

v.

WILLIAM UPSON, a/k/a Jamal

William Upson,
                    Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D. C. Criminal No. 2-16-cr-00105-01)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 29, 2018

Before:  CHAGARES, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>.

(Filed: December 12, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

William Upson appeals his sentence of 38 months of imprisonment for possession with intent to distribute a controlled substance, and his attorney moves to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). For the following reasons, we will grant the motion to withdraw and affirm the District Court's amended judgment.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Police arrested Upson in the parking lot of a Pantry Mart in Philadelphia and found crack cocaine and fentanyl in his socks. During a subsequent search of Upson's shared apartment, more crack cocaine and fentanyl were found, along with a loaded, semi-automatic gun. Upson was charged with four counts: possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count One); possession with intent to distribute a controlled substance within 1,000 feet of a school in violation of 21 U.S.C. § 860 (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Four).

Upson elected to go to trial. During its deliberations, the jury asked whether Pantry Mart, the location of his arrest, was within 1,000 feet of a school. The District Court took judicial notice of the distance between Pantry Mart and the

school, and responded to the jury that the distance was under 1,000 feet. The jury convicted Upson on Counts One and Two and acquitted him of Count Three. The District Court dismissed Count Four. Upson's convictions exposed him to a guidelines sentencing range of 46 to 57 months, and he was sentenced to 46 months.

Upson appealed his convictions to this Court, challenging the District Court's decision to take judicial notice of the distance between Pantry Mart and the school. In response, the Government agreed that the District Court erred, and this Court vacated Upson's conviction on Count Two. On remand, the Government did not re-try Count Two, and the District Court held a resentencing hearing on Count One alone. An amended pre-sentence report ("PSR") was completed, and neither party submitted objections. Based on the weight of the drugs found, pursuant to U.S.S.G. § 2D1.1(c)(12), Upson's base offense level was calculated as 16. Two points were subtracted for accepting responsibility, making his total offense level 14. His criminal history category was VI, exposing him to a guidelines sentencing range of 37 to 46 months.

The Government asked the District Court to re-impose 46 months of imprisonment based on the severity of Upson's crimes, his extensive criminal record, and the devastating impact of crack cocaine and fentanyl in Philadelphia. Upson requested a sentence of 37 months because he had accepted responsibility, maintained a steady job, and supported his son. He also argued that the amended sentence should reflect the dismissal of Count Two. The District Court adopted

3

the findings of the PSR and sentenced him to 38 months of imprisonment, three years of supervised release, and a $100 special assessment. Upson timely appealed the sentence. His attorney filed a motion to be relieved and a supporting brief pursuant to Anders, stating that there are only frivolous issues for appeal. Upson did not file his own brief, as he was permitted to do.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of a motion to withdraw under Anders is two-fold: (1) whether counsel adequately fulfilled this Court's Local Appellate Rule 109.2(a), which requires a brief identifying anything in the record that might support an appeal; and (2) whether the Court's own "independent review of the record presents any nonfrivolous issues," United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). The Court exercises plenary review to determine if there are any nonfrivolous issues. Simon v. Gov't of the V.I., 679 F.3d 109, 114 (3d Cir. 2012).

## III.

Defense counsel and the Government agree that the potential nonfrivolous issues are limited by the current procedural posture. Because the Government elected not to re-try Upson on Count Two, the remand was limited to resentencing on Count One. Therefore, he is limited to raising issues regarding only the resentencing. See Skretvedt v. E.I. DuPont de Nemours, 372 F.3d 193, 203 (3d Cir. 2004) ("We have consistently rejected such attempts to litigate on remand

4

issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings.").

A district court must follow three procedural steps in sentencing: (1) calculate the correct guidelines range, (2) rule on any departure motions, and (3) exercise its discretion by considering the relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). A sentence that satisfies these procedural requirements will also be substantively sound — and therefore affirmed — "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The District Court properly calculated the guidelines range as 37 to 46 months based on Upson's total offense level of 14. Neither party objected to this finding or submitted departure motions. As to the § 3553(a) factors, the District Court acknowledged the persuasiveness of the Government's arguments, especially the "repetitive nature" of Upson's criminal conduct and its contribution to the "plague" of drug abuse. Appendix ("App.") 70. Ultimately, however, the District Court found the new sentence should be on the lower end of the guidelines range to reflect the dismissal of Count Two. The District Court sentenced Upson to 38 months — one month above the low end of the range — urging him to use the extra month to reflect on his past and prepare himself for a crime-free life with his son upon release. The court reminded Upson that he has an opportunity to change his life thanks to the "extraordinary representation by a fine lawyer." App.

5

We conclude that Upson's sentence was both procedurally and substantively reasonable.

## IV.

For the foregoing reasons, we will grant the motion to withdraw and affirm the District Court's judgment.