NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1447

———————————

UNITED STATES OF AMERICA

v.

JAMES LAMONT JOHNSON,

Appellant

———————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 1-15-cr-00011-001)
District Judge: Honorable David S. Cercone

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 5, 2019

Before: SMITH, Chief Judge, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed: April 5, 2019)

———————————

OPINION*

———————————

AMBRO, Circuit Judge

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Lamont Johnson used the names and private information of over fifty unsuspecting victims to acquire their federal tax returns for himself. He obtained the victims' information at a local homeless shelter where a co-conspirator was employed as a cook. Many of the victims had mental or physical disabilities and were unlikely to realize Johnson had stolen their private information. Using TurboTax, Johnson submitted dozens of false individual income tax returns and obtained over $100,000 in tax refunds. (The IRS has since recouped all but roughly $60,000.)

The scheme was discovered after one of the victims noticed her rent rebate was reduced by the amount reported on a tax return she did not file. Johnson was interviewed by IRS investigators at a federal prison where he was incarcerated for unrelated firearms charges. They read Johnson his *Miranda* rights, and he immediately confessed to the entire tax scheme. On March 11, 2015, a grand jury returned a twelve-count indictment that included charges of tax fraud, theft of government property, and identity theft. On either March 16 or 17, Johnson was arrested. After an arraignment, he agreed to a guilty plea, preserving a limited right to appeal. He was sentenced to five years in prison, which fell within the Guidelines range.

Before his guilty plea, Johnson filed a motion to quash the indictment on the theory that clerical errors had incorrectly listed the dates of his arrest and arraignment as March 17 and March 27, respectively. He contends both occurred on March 16. The District Court denied Johnson's motion because he had failed to explain how the clerical inconsistencies affected the grand jury's decision to indict him.

After his guilty plea and sentencing, Johnson appealed. His appointed counsel then filed a motion to withdraw his representation pursuant to Local Appellate Rule ("L.A.R.") 109.2(a) and a supporting *Anders* brief arguing that the appeal was frivolous. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *see also Anders v. California*, 386 U.S. 738 (1967). The Government agrees that Johnson's claims are frivolous. Johnson has filed a *pro se* brief in response.

When faced with an appeal met by an *Anders* brief, we apply plenary review. *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012). We consider "(1) whether counsel adequately fulfilled [L.A.R. 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300. "If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a).

The first prong of the *Anders* analysis is fulfilled if "counsel has thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous." *Youla*, 241 F.3d at 300. Johnson's counsel relies on *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988), which held that, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Id.* at 254. Dismissal of an indictment is appropriate "only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Id.* at 256 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)); *see also United States v. Soberon*, 929 F.2d 935,

3

939–40 (3d Cir. 1991). By ably applying the rule established in *Bank of Nova Scotia* to the supposed errors identified by Johnson, the *Anders* brief is satisfactory. *See Youla*, 241 F.3d at 300.

Turning to the second prong of the *Anders* analysis, we undertake an independent review of the record. *See Anders*, 386 U.S. at 744. To begin, we agree with Johnson's counsel that the possible clerical errors did not have a "substantial influence" on the grand jury's decision to indict. *See Bank of N.S.*, 487 U.S. at 256.

Johnson next argues that he is the victim of a vindictive prosecution, on the theory that prosecutors charged him with tax fraud only after he brought a civil suit against certain officers involved in his firearms conviction. To the contrary, he was prosecuted after confessing to stealing the identities of victims his co-conspirator encountered at a homeless shelter. Thus "the prosecutor's decision to prosecute" was not vindictive but "based on the usual determinative factors." *United States v. Schoolcraft*, 879 F.2d 64, 67 (3d Cir. 1989).

To the extent Johnson raises any other arguments, they were waived as a result of his plea agreement. *See United States v. Jackson*, 523 F.3d 234, 243–44 (3d Cir. 2008).

Accordingly, we grant the *Anders* motion and affirm the judgment of the District Court.

4