**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3759
_____

UNITED STATES OF AMERICA

v.

GEORGE ELIE, JR.
a/k/a Unc,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Crim. No. 1-16-cr-00154-001
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*.

(Filed: July 23, 2019)

_____

OPINION[**]
_____

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

George Elie, Jr. appeals a criminal conviction and sentence entered by the United States District Court for the Middle District of Pennsylvania. Elie's Counsel has concluded that that his appeal presents no nonfrivolous issue and has filed a motion to withdraw under *Anders v. California.*[1] We will grant the motion to withdraw and affirm the conviction and sentence.

## I.

Elie pled guilty to conspiracy to distribute at least 100 grams of heroin in violation of 21 U.S.C. § 846. Pursuant to that plea agreement, Elie waived the right to any appeal, and agreed that the appropriate calculation under the federal Sentencing Guidelines, before any reduction for acceptance of responsibility, was 188-235 months. The District Court reviewed the plea agreement with Elie and found that Elie's guilty plea was knowing and voluntary.

After the plea, the United States Probation Office prepared a presentence investigation report, which recommended Elie receive a three-level sentencing reduction for acceptance of responsibility, resulting in a recommended sentence between 140 and 175 months. Elie filed no objections to that report that would affect the sentencing calculation.

---

[1] 386 U.S. 738 (1967).

At sentencing, the District Court agreed that a three-level sentencing reduction for acceptance of responsibility was appropriate, and that Elie's applicable sentencing range under the Guidelines was 140-175 months. The District Court reviewed the sentencing factors found in 18 U.S.C. § 3553(a), and sentenced Elie to 175 months' imprisonment, five years of supervised release, a fine of $3,000, and a special assessment of $100. Elie filed an appeal.[2]

## II.

Under *Anders,* when a defendant's attorney concludes that there are no nonfrivolous grounds for appeal, the attorney must file a motion to withdraw as defendant's counsel, accompanied by a brief stating all possible grounds for appeal.[3] The defendant may, at his election, file a *pro se* brief on his own behalf. Elie's Counsel has filed an *Anders* brief here. Elie has declined to file a separate brief.

We engage in a two-step inquiry to resolve an *Anders* appeal. First, we determine whether counsel "thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous."[4] If counsel's *Anders* brief satisfies the first

---

[2] Since this was a federal crime, the District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We possess appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The Court exercises plenary review to determine whether there are any nonfrivolous issues. *See Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

[3] *Anders*, 386 U.S. at 744.

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

requirement, then we move on to the second inquiry—whether an independent review of the record reveals any nonfrivolous issues.[5]

In her brief, Counsel reviews the potential bases for appeal. She establishes that the District Court had jurisdiction over Elie's conduct, which violated federal law and occurred in the Middle District of Pennsylvania. Counsel also shows that Elie's plea was knowing and voluntary, that Elie waived his rights to appeal in his plea agreement, and that all Fed. R. Crim. P. 11 requirements were satisfied. Additionally, she shows that Elie's sentencing calculation was appropriate, and consistent with the terms of Elie's plea agreement. She also categorically demonstrates, with citations to the record, that the District Court followed all procedural requirements in imposing Elie's sentence, including consideration of the § 3553(a) sentencing factors. The Supreme Court in *United States v. Booker* directs us to review sentences for reasonableness, and Counsel shows that Elie's sentence is within the range of the Sentencing Guidelines calculation, and is otherwise reasonable and consistent with the *Booker* standard.[6]

We are satisfied that Counsel has met her obligations under *Anders.* Our independent review of the record identifies no additional nonfrivolous grounds for appeal.

**III.**

For the foregoing reasons, we will grant Counsel's motion to withdraw and will affirm Elie's conviction and sentence.

_____

[5] *Id.*
[6] 543 U.S. 220, 261-62 (2005).