**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2659
_____

UNITED STATES OF AMERICA

v.

NASIR THOMPAS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-17-cr-00449-002
District Judge: The Honorable Gerald J. Pappert

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2019

Before: SMITH, *Chief Judge*, McKEE and PHIPPS, *Circuit Judges*

(Filed: October 18, 2019)
_____

OPINION*
_____

SMITH, *Chief Judge*.

Nasir Thompas appeals his judgment of conviction and sentence.  His

counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivolous issues exist for appeal, together with a motion by counsel to withdraw. For the following reasons, we will grant counsel's motion and affirm the judgment.

I.

Based upon allegations that Thompas participated in a June 6, 2017 robbery of a 7-Eleven and a June 12, 2017 robbery of a Godfrey Food Mart, a superseding indictment charged him with two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). Thompas pleaded not guilty and proceeded to a three-day jury trial. At trial, the prosecution introduced, *inter alia*: (1) video surveillance footage of the robberies; (2) testimony from a co-defendant who cooperated with the prosecution and implicated Thompas; (3) expert testimony concerning Thompas's fingerprints, which were recovered from one of the crime scenes; (4) testimony from Thompas's stepfather that the gun used during the robberies had been stolen from him; and (5) Thompas's videotaped confessions to having committed both robberies. At the conclusion of trial, the jury found Thompas guilty of all four charges.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

At sentencing, Thompas did not object to the presentence investigation report or the District Court's calculation of the applicable Guidelines range. Thompas moved for a downward variance, which the District Court denied. After considering the factors set forth in 18 U.S.C. § 3553(a), the District Court imposed sentences of concurrent terms of 57 months for the two Hobbs Act charges, and consecutive terms of 84 months and 300 months for the two firearm charges, for a total term of 441 months of imprisonment, to be followed by a five-year term of supervised release.

Thompas timely filed a pro se notice of appeal. His counsel filed an *Anders* brief and a motion to be relieved from the representation. Although Thompas sought and was granted additional time in which to file a pro se brief in support of his appeal, he did not file such a brief.

## II.[1]

In *Anders v. California*, 386 U.S. at 744, the Supreme Court held that if, after conscientious examination, counsel finds a matter to be wholly frivolous, counsel should advise the Court and request permission to withdraw from the representation. In such a case, we conduct a plenary review to determine: (1) whether counsel adequately fulfilled the requirements of 3d Cir. L.A.R.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

109.2(a), including filing a sufficient motion to withdraw and supporting brief; and (2) whether an independent review of the record reveals any non-frivolous issues. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114–15 (3d Cir. 2012). "Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001) (citation and internal quotation marks omitted). A complete scouring of the record is not required. *Id.* If we judge an appeal to be without arguable merit, we must grant trial counsel's motion and dispose of the appeal without appointing new counsel. 3d Cir. L.A.R. 109.2(a).

### III.

Counsel observes that one potential appeal issue could concern Thompas's videotaped confessions. In his *Anders* brief, counsel states that he declined to move to suppress the confessions because Thompas executed *Miranda* waivers before each confession and there was no evidence of coercion. Counsel further observes that, even if the confessions had not been admitted at trial, the evidence of guilt was overwhelming. As to Thompas's sentence, counsel observes that there are no appealable issues because the District Court correctly calculated the advisory Guidelines range and examined the § 3553(a) factors, and the sentence imposed was both procedurally and substantively reasonable.

4

The *Anders* brief adequately explains why there are no nonfrivolous issues for appeal. *See Youla*, 241 F.3d at 300. Our independent review of the record leads us to the same conclusion.

IV.

We are satisfied that Counsel has fulfilled his obligation under *Anders* and 3d Cir. L.A.R. 109.2(a), and our independent review of the record has identified no nonfrivolous ground for appeal. If, as here, an appeal is judged to be without arguable merit, this Court must grant trial counsel's motion and dispose of the appeal without appointing new counsel. 3d Cir. L.A.R. 109.2(a). We therefore will grant counsel's motion to withdraw and affirm the judgment.