NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1395
_____

UNITED STATES OF AMERICA

v.

EDWARD EUGENE ALLIE,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-12-cr-00196-001
District Judge: The Honorable Nora B. Fischer

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2021

Before: SMITH, *Chief Judge*, HARDIMAN, and ROTH, *Circuit Judges*

(Filed: February 26, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Edward Allie pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After serving his 70-month term of imprisonment, Allie commenced a three-year term of supervised release. While on supervised release, the police stopped a vehicle in which Allie was a passenger. Police searched Allie's person and found both powder cocaine and crack cocaine. The Commonwealth of Pennsylvania charged Allie with several controlled substance offenses, prompting Allie's Probation Officer to file a petition in the District Court alleging that Allie had violated the terms of his supervised release. The revocation proceeding was held in abeyance pending the disposition of the state charges. Thereafter, Allie pled guilty to simple possession of a controlled substance in violation of 35 Pa. Cons. Stat. § 780-113(a)(16).

At the revocation hearing, in addition to the evidence of Allie's guilty plea to the simple possession charge, Allie admitted that his conduct constituted a Grade B violation of the terms of his supervised release. Counsel for both parties had agreed not to pursue a Grade A violation and to the imposition of the statutory maximum of 24 months of imprisonment, which was within the guideline range computed by the District Court. After hearing Allie's allocution, the District Court concluded that a below-guideline sentence was appropriate. It sentenced Allie to 18 months' imprisonment, followed by another year of supervised release. Allie's pro se notice of appeal followed.[1]

---

[1] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231, 3583(e)(3). We are unable to determine whether Allie's notice of appeal is timely under Federal Rule of Appellate Procedure 4(b)(1) and (c)(1)(A). Nonetheless, because the fourteen-day appeal period set forth in Federal Rule of Appellate Procedure 4(b)(1) is not jurisdictional, it may

Allie's appointed counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We exercise plenary review to determine whether the record presents any nonfrivolous issues. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). Here, we are satisfied that counsel conducted the "conscientious examination" for issues of arguable merit that *Anders* requires. 386 U.S. at 744. Counsel explained why there were no procedural missteps in the revocation proceeding, established that there was an undisputed factual basis for the District Court's determination that Allie had violated the terms of his supervised release, and set out why the District Court's below-guideline sentence was neither procedurally nor substantively unreasonable.

In sum, we agree with counsel's assessment of Allie's appeal. Our independent review of the record fails to reveal any nonfrivolous issues. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court entered on February 7, 2020. We certify that the issues presented in the appeal lack legal merit. Accordingly, the filing of a petition for writ of certiorari with the Supreme Court is not called for here. 3d Cir. L.A.R. 109.2(b).

---

be forfeited by the Government if not timely invoked. *See Gov't of V. I. v. Martinez*, 620 F.3d 321, 328 (3d Cir. 2010). In this case, the Government does not oppose resolution of the appeal as it "lacks arguable merit." Appellee's Br. 1 n.2. We therefore have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).