NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1238
_____

UNITED STATES OF AMERICA

v.

HAROLD SCHRADER,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cr-00309-001)
Honorable Richard P. Conaboy, U.S. District Judge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2016

Before:  AMBRO, SMITH and FISHER, *Circuit Judges*.

(Filed: October 3, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

        Defendant Harold Schrader pleaded guilty to wire fraud and possession of child

pornography in the United States District Court for the Middle District of Pennsylvania.

_____

        [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

The District Court sentenced Schrader to 60 months' imprisonment followed by 5 years' supervised release. Schrader appealed, and his defense counsel moved to withdraw his representation under *Anders v. California*.[1] We will grant defense counsel's motion to withdraw under *Anders* and affirm the District Court's judgment.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

From 2008 to 2011, Schrader profited by deceiving people he met online into funding various fictitious causes and projects through overseas wire transfers totaling more than $200,000. Schrader's victims reported his conduct to state and federal authorities, who found child pornography on his computer while examining it for evidence of his financial crimes. Schrader was charged with wire fraud and possession of child pornography in a superseding information.[2]

Under a plea agreement with the government, Schrader pleaded guilty to both offenses before the District Court after waiving his right to a grand-jury indictment. During his change-of-plea hearing, Schrader confirmed he understood the charges to which he was pleading guilty, the maximum statutory penalties for those charges, and

___

[1] 386 U.S. 738 (1967).
[2] App. 17–22 (superseding information charging Schrader under 18 U.S.C. §§ 1343 and 2252(a)(4)(B)).

that he was voluntarily waiving his right to a jury trial and pleading guilty. After

reviewing the plea agreement's salient provisions, the elements of both offenses, and a

description of the evidence the government would introduce against Schrader at trial, the

District Court accepted Schrader's guilty pleas and adjudged him guilty on both counts of

the superseding information.[3]

Before sentencing, the Probation Office submitted a Presentence Investigation

Report (PIR) concerning Schrader. Based upon a total offense level of 30 and a criminal

history category of I, the PIR calculated Schrader's range of imprisonment at 97 to 121

months under the advisory Sentencing Guidelines.[4] In his sentencing memorandum,

Schrader did not object to the PIR's Guidelines calculation. He did, however, seek a

downward departure based upon his age (69) and physical condition[5] or a variance based

upon the same factors. At bottom, Schrader sought a sentence of probation or home

confinement to receive treatment for a variety of serious medical conditions and to care

for his ailing wife.[6]

At sentencing, the District Court denied Schrader's departure requests but varied

from the Guidelines-imprisonment range by 37 months, imposing a sentence of 60

months' imprisonment followed by 5 years' supervised release.[7] The District Court did

---

[3] App. at 57–74, 80.

[4] PIR ¶¶ 49, 52, 72.

[5] *See* United States Sentencing Guidelines Manual §§ 5H1.1, 5H1.4.

[6] App. 86, 91–94.

[7] App. at 3–10.

3

not impose a fine but ordered Schrader to pay $232,500 in restitution without interest and a $200 special assessment. Schrader filed a timely notice of appeal, and his defense counsel filed this motion to withdraw under *Anders*. The Court granted Schrader 30 days to file a *pro se* brief explaining why his convictions or sentence should be overturned, but Schrader did not do so.

## II.[8]

In *Anders*, the Supreme Court held that if court-appointed defense counsel finds a criminal appeal "wholly frivolous" after a "conscientious examination" of the defendant's case, he "should so advise the appellate court and request permission to withdraw."[9] Defense counsel must submit an accompanying brief "referring to anything in the record that might arguably support the appeal."[10] Defense counsel may withdraw if (1) his *Anders* brief "adequately fulfill[s]" Third Circuit Local Appellate Rule 109.2(a) and (2) an independent review of the record reveals only frivolous issues.[11] Exercising plenary review,[12] we consider each inquiry in turn.

---

[8] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[9] 386 U.S. at 744.

[10] *Id.*

[11] *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

[12] *Id.*

III.

A.

First, we must determine whether defense counsel's brief adequately fulfills *Anders*'s requirements. Under Local Appellate Rule 109.2(a), defense counsel must (1) "thoroughly examine" the record "in search of appealable issues" and (2) "explain why [those] issues are frivolous."[13] "Counsel need not raise and reject every possible claim."[14] He must, however, satisfy *Anders* by demonstrating a "conscientious examination" of the record.[15]

We are satisfied that Schrader's counsel filed a motion to withdraw and submitted an adequate *Anders* brief after thoroughly examining this case's record, as required. His *Anders* brief identified three issues Schrader could arguably raise on appeal following his guilty pleas,[16] including challenges to (1) the District Court's jurisdiction, (2) the validity of his guilty pleas, and (3) the legality and reasonableness of the sentence imposed. After identifying these appealable issues, defense counsel satisfactorily explained—with citations to the record and applicable legal authority—why an appeal on the basis of these issues would be frivolous. He explained that (1) there is no dispute that the District Court had jurisdiction over this case, (2) the District Court's plea colloquy complied fully with Federal Rule of Criminal Procedure 11, and (3) the sentence imposed complied fully with

---

[13] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).
[14] *Id.*
[15] *Id.* (internal quotation marks omitted).
[16] *See United States v. Broce*, 488 U.S. 563, 569 (1989).

Federal Rule of Criminal Procedure 32 and was legal and reasonable. Because

Schrader's counsel fulfilled Local Appellate Rule 109.2(a)'s requirements, we accept his

*Anders* brief as adequate.

B.

Our next inquiry requires an "independent review" of the record to determine

whether Schrader's appeal presents any non-frivolous issues for review.[17] Where defense

counsel's *Anders* brief is adequate, as it is here, we scrutinize only the issues and portions

of the record identified in the *Anders* brief itself.[18] "An appeal on a matter of law is

frivolous where none of the legal points are arguable on their merits."[19]

We agree with Schrader's defense counsel that the three appealable issues

identified in the *Anders* brief lack any non-frivolous basis. First, we conclude that the

District Court properly exercised jurisdiction under 18 U.S.C. § 3231, making any

jurisdictional argument frivolous. Second, after carefully reviewing the District Court's

plea colloquy, we agree that the District Court complied fully with Rule 11's

requirements. The District Court established that Schrader understood his options and

the consequences of waiving his constitutional rights in full, and there was no question

that he was competent to voluntarily plead guilty to the charged offenses. We conclude,

---

[17] *Youla*, 241 F.3d at 300.
[18] *Id.* at 301.
[19] *Simon*, 679 F.3d at 114.

6

therefore, that Schrader's guilty pleas were knowing and voluntary,[20] and an appeal challenging their validity would be frivolous.

Third, we agree with defense counsel that the District Court complied fully with Rule 32 and that the sentence it imposed was procedurally and substantively reasonable. Procedurally, the District Court must follow the three-step process outlined in *United States v. Gunter*, which directs district courts to (1) calculate the advisory Guidelines sentencing range correctly, (2) rule on any departure motions, and (3) meaningfully evaluate the sentencing factors under 18 U.S.C. § 3553(a) and explain the sentence imposed.[21] Substantively, we will uphold a sentence as reasonable if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a),"[22] and our standard of review is for abuse of discretion.[23]

Here, under *Gunter*, the District Court (1) correctly calculated the Guidelines sentencing range at 97 to 121 months' imprisonment; (2) did not err in formally denying Schrader's departure motions; and (3) evaluated all the § 3553(a) factors to determine that, despite the serious nature of the offenses and the adequacy of the Bureau of Prisons' medical facilities, Schrader's age and serious medical conditions warranted a 37-month variance to 60 months' imprisonment. In light of the District Court's careful weighing of

---

[20] *See United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006) (explaining that Rule 11 embodies the constitutional requirement that a guilty plea be knowing and voluntary).

[21] 462 F.3d 237, 247 (3d Cir. 2006).

[22] *Id.* at 204 (internal quotation marks omitted).

[23] *Gall v. United States*, 552 U.S. 38, 51 (2007).

7

the circumstances of this case, we are satisfied that it rationally considered and applied the § 3553(a) factors to the facts to arrive at a reasonable sentence. We conclude, therefore, that an appeal of the sentence imposed would be frivolous. Defense counsel's motion to withdraw under *Anders* will be granted.

C.

Finally, we may affirm the District Court's judgment without appointing new counsel if, after reviewing the record, we find that the "frivolousness [of the appeal] is patent."[24] This appeal is patently frivolous for the reasons explained in detail above. Consequently, we will affirm the District Court's judgment without appointing new counsel.

IV.

For the reasons set forth above, we will grant defense counsel's motion to withdraw under *Anders* and affirm the District Court's judgment.

---

[24] *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).