**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3658
_____

UNITED STATES OF AMERICA

v.

MICHELLE C. CANTATORE,
Appellant
___

On Appeal from the United States District Court
for the District of New Jersey
No. 2-16-cr-00189-1
District Judge:  The Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2017

Before:  CHAGARES, VANASKIE, and FUENTES, *Circuit Judges*

(Opinion Filed: August 25, 2017)
_____

OPINION*
_____

FUENTES, *Circuit Judge*.

Michelle Cantatore challenges her 162-month sentence in a bank robbery and wire

fraud case. Her counsel has filed a motion to withdraw pursuant to *Anders v. California*,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

386 U.S. 738 (1967), arguing that Cantatore's appeal raises no issues of arguable merit. For the following reasons, we will grant counsel's motion and affirm the order of the District Court.

I.

On April 13, 2016, Cantatore entered a guilty plea to a two-count Information, charging her with bank robbery in violation of 18 U.S.C. § 2113(a) and 2 and wire fraud in violation of 18 U.S.C. § 1343 and 2. Cantatore admitted that she used a paintball gun made to look like a real gun to rob three banks insured by the FDIC of almost $300,000 and engaged in a scheme to defraud a victim of almost $200,000.

A sentencing hearing was held on September 7, 2016. Based on a total offense level of 28 and a criminal history category of V, Cantatore was subject to a Guidelines range of 130-162 months.[1] Although the District Court initially indicated it was considering an upward variance, it imposed a sentence of 162 months, at the top of the Guidelines range.

Cantatore timely filed a notice of appeal, and her counsel filed an *Anders* motion to withdraw. Cantatore was given the opportunity to file a *pro se* brief, but did not do so. The Government submitted a brief in support of counsel's *Anders* motion.

II.[2]

---

[1] Though the plea agreement did not stipulate to a Guidelines' range, the Government and Cantatore's counsel both agreed to this Guidelines calculation. The Government did not seek an upward variance, and Cantatore's counsel did not seek a downward variance.
[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Our review[3] is twofold—we will consider whether counsel's brief fulfills the *Anders* requirements and whether our own independent review of the record reveals any nonfrivolous issues for appeal.[4] "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous."[5] Our review need not be "a complete scouring of the record"— "[w]here the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself."[6] "An appeal on a matter of law is frivolous where none of the legal points is arguable on [its] merits."[7]

The *Anders* brief identifies three potential issues for appeal:[8] (1) whether the District Court had jurisdiction; (2) whether Cantatore's guilty plea hearing was properly conducted; and (3) whether the sentence imposed was procedurally and substantively reasonable.[9] Cantatore's counsel has fulfilled his *Anders* duties, and satisfies us that there are no issues of arguable merit.

---

[3] Our review is governed by *Anders v. California*, 386 U.S. 738 (1967) and 3d Cir. L.A.R. 109.2.

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[5] *Id.*

[6] *Id.* at 301 (internal citations and quotations removed).

[7] *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

[8] While Cantatore's counsel mentions a waiver of appeal, the Government finds no appellate waiver as to the ultimate sentence and does not assert such waiver. Gov't Br. 3 n.1.

[9] Cantatore's counsel hints at, and the Government addresses, a possible fourth issue for appeal: ineffective assistance of counsel, because Cantatore's counsel agreed to the Guidelines range and did not seek a downward departure or variance. This basis is also frivolous. Ineffective assistance of counsel claims are generally not cognizable on direct appeal. *Gov't of V.I. v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014); *United States v.*

*First*, the District Court had jurisdiction under 18 U.S.C § 3231, as Cantatore was charged with "offenses against the laws of the United States." Thus, the *Anders* brief correctly notes that any jurisdictional challenge would be frivolous.

*Second*, Cantatores's guilty plea hearing was properly conducted and complied with Federal Rule of Criminal Procedure 11.[10] The transcript of the plea hearing demonstrates Cantatore's plea was knowing and voluntary.[11] The District Court explained, and Cantatore acknowledged that she understood, (1) she was forfeiting her rights to a jury trial and to challenge the evidence against her, (2) the nature of the charges to which she pleaded, (3) the maximum penalties she was facing,[12] (4) the Court's obligation to consider the sentencing Guidelines and its discretion to depart from

*Givan*, 320 F.3d 452, 464 (3d Cir. 2003). Furthermore, as the Government points out, Cantatore's counsel "successfully convinced the District Court to impose a within-Guidelines sentence, despite its 'tremendous desire . . . to upwardly vary.'" Gov't Br. 6 n.2 (quoting App. 114; App. 69 (explaining that sentencing counsel would be successful if she could "manag[e] to convince me not to exercise my discretion and go upward in this case")). Thus, "[a] request for a downward variance would have been particularly tone-deaf and would not have been successful." *Id.* (citing *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) (counsel cannot be ineffective for not making a meritless argument)).

[10] Rule 11 "outlines a series of admonitions and warnings to be provided to the defendant," *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006), and provides steps a District Court must take to ensure a guilty plea is knowing and voluntary. *United States v. Vonn*, 535 U.S. 55, 58 (2002). "The district court must ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." *Schweitzer*, 454 F.3d at 203.

[11] *See Anders* Br. 10-12.

[12] The Government acknowledges it may have been error for the District Court to rely on the Government's recitation of the maximum penalty, but also correctly points out that later in the hearing, the Court repeated this information to Cantatore. *See* Gov't Br. 9 n.5; App. 42 (Government recites maximum penalties); App. 50 (Court acknowledges maximum penalties).

those Guidelines, and (5) the Government's recitation of the facts and the criminal conduct she was admitting.[13] Thus, Cantatore's guilty plea complied with Rule 11, and an appeal on this basis would be frivolous.

*Finally*, the District Court's within-guidelines sentence of 162 months was procedurally and substantively reasonable.[14] The sentencing Guidelines range was correctly calculated and the Court meaningfully considered the sentencing factors enumerated in 18 U.S.C. § 3553(a). The Court considered Cantatore's arguments in mitigation and justified its decision to sentence at the top of the range.[15] Consequently, an appeal on this basis would be meritless.

## III.

Counsel's brief satisfies the requirements of *Anders*, and properly finds there is no reasonable basis on which Cantatore can appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the order of the District Court.[16]

---

[13] App. 26-64.

[14] We review sentences for abuse of discretion. *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010).

[15] The Court considered factors including Cantatore's childhood and difficult life experiences, mental condition, addictions, long criminal history, her use of a modified weapon, and the trauma sustained by her bank teller victims.

[16] Cantatore is hereby advised that under the Criminal Justice Act, counsel is not obligated to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court. *See also* L.A.R. 35.4; 109.2(b). If Cantatore wishes to pursue these avenues, she must do so *pro se*. Cantatore should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment; if that time has passed, Cantatore may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this Opinion to Cantatore.