**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2169
_____

UNITED STATES OF AMERICA

v.

MICHELLE C. CANTATORE,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-16-cr-00189-001)
District Judge:  Honorable Esther Salas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2021
Before: JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 11, 2021)
_____

OPINION*
_____

PER CURIAM

    Michelle C. Cantatore appeals pro se from the District Court's order denying her

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  For the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

following reasons, we will affirm.

I.

On April 12, 2016, Cantatore pleaded guilty in the United States District Court for the District of New Jersey to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced her to 162 months of imprisonment, a three-year term of supervised release, and an order to pay restitution in the amount of $406,713.13. We affirmed. United States v. Cantatore, 706 F. App'x 86 (3d Cir. 2017) (not precedential). Cantatore is currently confined at the Federal Correctional Institution in Danbury, Connecticut. She is scheduled to be released on September 4, 2026.

On March 28, 2020, Cantatore filed a motion for compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Cantatore argued that, due to numerous underlying health conditions—including chronic obstructive pulmonary disorder ("COPD") and hypothyroidism—she was at risk of serious complications or death should she contract COVID-19. She asked the District Court to reduce her sentence to "time served."

The District Court determined that there were no "extraordinary and compelling reasons" to reduce Cantatore's sentence because: (1) she failed to put forth any evidence

---

[1] It is undisputed that Cantatore complied with § 3582(c)(1)(A)'s 30-day lapse provision by filing a request for compassionate release with her warden before turning to the District Court. See 18 U.S.C. § 3582(c)(1)(A) (providing that a prisoner can file a motion with the court upon the "lapse of 30 days from the receipt of [a request for

that she has been diagnosed with COPD; and (2) hypothyroidism is not one of the conditions identified by the Centers for Disease Control ("CDC") as one that increases a person's risk for developing serious illness from COVID-19. The District Court further determined that, even if extraordinary and compelling reasons did exist, it would nonetheless deny Cantatore's motion based on a weighing of the factors set forth in 18 U.S.C. § 3553(a). Accordingly, the District Court denied relief.

Cantatore appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for compassionate release under § 3582(c)(1)(A)(i) for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the

---

compassionate release] by the warden of the defendant's facility.").

3

law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(A)–(B).

## III.

We discern no abuse of discretion and will affirm based on one of the independent grounds upon which the District Court relied. In particular, we cannot say that the District Court committed a clear error of judgment in concluding that a number of the § 3553(a) factors—including the need to reflect the seriousness of the offense and promote respect for the law—precluded granting compassionate release here.[2] Moreover, because, at the time the motion was filed, Cantatore had only served approximately 40% of her sentence, it would be inconsistent with the § 3553(a) factors to reduce her sentence to "time served." See, e.g., Pawlowski, 967 F.3d at 330 (denying motion for compassionate release because, among other reasons, the defendant had served only a small portion of his sentence).

---

[2] The District Court described Cantatore's crimes as follows:

> During the bank robberies, Defendant pointed the gun at various bank employees and repeatedly threatened to kill them. At one point, Defendant advised bank employees that she had followed them, knew where they lived, and threatened that if they did not follow her instructions, she would come to their houses, kill them, and burn their houses down. As to the wire fraud, Defendant befriended a friend of her father's, made him feel like she cared about him, and then preyed upon his age and weaknesses, ultimately stealing close to $200,000 from him.

Mem. 11 n.8, ECF No. 45 (citations omitted).

IV.

We have considered Cantatore's arguments on appeal and conclude that they are meritless. Accordingly, we will affirm the District Court's judgment.