NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1278
_____

UNITED STATES OF AMERICA

v.

CHARLES STANSBURY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-14-cr-00323-020)
Honorable Gerald A. McHugh, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 23, 2018

BEFORE:  KRAUSE, COWEN, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: February 6, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, <u>Circuit</u> <u>Judge</u>.

Charles Stansbury appeals from the criminal conviction and sentence entered by the United States District Court for the Eastern District of Pennsylvania. Defense counsel has filed a motion to withdraw as counsel under <u>Anders v. California</u>, 386 U.S. 738 (1967). We will grant the motion to withdraw and affirm Stansbury's conviction and sentence.

I.

Stansbury pled guilty to a number of drug charges (one count of conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846, four counts of distribution of controlled substances within 1000 feet of a protected location in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2, one count each for distribution of crack cocaine and heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and § 2, and one count of using a juvenile in a drug trafficking offense in violation of 21 U.S.C. § 861(a)(1)). The government and the defense agreed to a sentence of 120 months' imprisonment and eight years of supervised release. The District Court imposed the stipulated sentence.

II.

Counsel for Stansbury has filed a motion to withdraw as well as a brief under <u>Anders</u> explaining that there are no nonfrivolous issues to appeal.[1] An <u>Anders</u> brief and motion trigger a two-step inquiry. First, we consider whether defense counsel has

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we possess appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The Court exercises plenary review to determine whether there are any nonfrivolous issues. <u>See, e.g.</u>, <u>Simon v. Gov't of the Virgin Islands</u>, 679 F.3d 109, 114 (3d Cir. 2012).

2

established that he or she "has thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). If we are satisfied with the attorney's brief, we then undertake an independent review of the record to determine whether there are any nonfrivolous issues. Id. A copy of the defense counsel's brief was furnished to Stansbury, and he was given an opportunity to file a pro se brief. No such pro se brief was filed.

We conclude that defense counsel has satisfied his Anders obligations and agree that this proceeding does not implicate any nonfrivolous issues. He persuasively explains how the District Court substantially complied with Federal Rule of Criminal Procedure 11 governing guilty pleas as well as the procedural and substantive requirements for sentencing. Stansbury's guilty plea was clearly knowing and voluntary. See, e.g., United States v. Lessner, 498 F.3d 185, 192-93 (3d Cir. 2007). Defense counsel acknowledges that his client initially stated at sentencing that he had not reviewed the presentence investigation report ("PSR") and that the District Court did not advise Stansbury of the statutory maximum and mandatory sentences. However, counsel indicated on the record that they did discuss the PSR, and Stansbury admitted that he was aware of the Sentencing Guidelines and was satisfied with the representation he received. The District Court also had explained the applicable statutory minimum and maximum sentences at the change of plea hearing. It then sentenced Stansbury to the stipulated sentence of 120 months' imprisonment (and eight years' supervised release), which was far below the applicable Guidelines range. Noting Stansbury's prior record as well as the fact that most

3

of his participation in this case "was at the street level and in smaller quantities than some of the other Defendants," the District Court was "satisfied that 120 months takes into account the seriousness of the crime, takes into account the need to promote respect for the rule of law and would be a significant enough sentence for a person of Mr. Stansbury's age to deter him from any future unlawful conduct." (JA67 (also recognizing that Stansbury had some challenges in his life, including premature birth and substance abuse problems).)

III.

We will grant the motion to withdraw filed by Stansbury's counsel and will affirm his conviction and sentence.