NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2739
_____

UNITED STATES OF AMERICA

v.

DEAN BAPTISTE,
                                        Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-17-cr-00012-003
District Judge: The Hon. Curtis V. Gomez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2019

_____

Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Filed: December 11, 2019)

_____

OPINION*
_____

SMITH, *Chief Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dean Baptiste pleaded guilty to one count of smuggling an alien into the United States in violation of 8 U.S.C. § 1324. The written plea agreement contained a broad appellate waiver. The District Court's colloquy satisfied the requirements of Federal Rule of Criminal Procedure 11(b) and *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). During the plea colloquy, the District Court noted that the plea agreement contained an appellate waiver. In response to the District Court's inquiry, Baptiste affirmed that he understood that he was giving up his right to appeal any sentence below the statutory maximum. After the prosecution set forth the factual basis of the charge, Baptiste acknowledged the proffer and pleaded guilty.

After the District Court imposed a sentence of eighteen months of imprisonment, which was within the guidelines range and well below the statutory maximum, Baptiste filed this timely appeal.[1] His counsel filed, pursuant to *Anders v. California*, a brief asserting that there are no nonfrivolous issues to raise on Baptiste's behalf.[2] In addition, counsel seeks leave to withdraw.[3]

In *Anders*, the Supreme Court stated that the "constitutional requirement of

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] *See Anders v. California*, 386 U.S. 738 (1967). We exercise plenary review to determine whether the record presents any nonfrivolous issues. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

[3] Defense counsel served the motion to withdraw and the *Anders* brief on Baptiste. The Clerk notified Baptiste that he could file his own pro se merits brief under Third Circuit L.A.R. 109.2(a). Baptiste has not done so.

substantial equality and fair process" means that appellate counsel must "support his client's appeal to the best of his ability." 386 U.S. 738, 744 (1967). If counsel finds an appeal wholly frivolous, he must apprise the court, submit a brief setting out any matter that "might arguably support the appeal," and request permission to withdraw as counsel. *Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), the *Anders* brief must demonstrate that counsel "thoroughly examined the record in search of appealable issues," and "explain why the issues are frivolous."

Although counsel's *Anders* brief could be more comprehensive, we are satisfied that counsel thoroughly examined the record for issues of arguable merit and fulfilled *Anders'* requirements. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (instructing that a guilty plea limits the issues a defendant is entitled to challenge on appeal to the District Court's jurisdiction, the validity of the guilty plea, and the legality of the sentence). Here, counsel correctly observed that Baptiste knowingly and voluntarily pleaded guilty and waived his right to file an appeal. Counsel also considered the legality of Baptiste's sentence, noting the absence of any issues based on the computation of the guidelines range, the District Court's consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), and the imposition of the eighteen-month sentence within the guidelines range. Finally, counsel correctly concluded that even if there were a nonfrivolous basis to assert an ineffective assistance of trial counsel claim, it is not a claim generally addressed on direct appeal. *Gov't of V.I. v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014).

After reviewing the record, we agree with counsel's assessment that there are no nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the District Court's judgment. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. Third Circuit L.A.R. 109.2(b).