**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1180
_____

UNITED STATES OF AMERICA

v.

KANYA TIRADO,

Appellant

_____

On Appeal from the United States District Court
for the District of the Virgin Islands
(District Court No. 3-16-cr-00039-009)
District Judge: Hon. Curtis V. Gomez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2019

Before: SMITH, *Chief Judge*, McKEE and SHWARTZ, *Circuit Judges*

(Opinion Filed: January 14, 2020)
_____

OPINION∗
_____

---

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

A jury convicted Kanya Tirado of numerous charges arising from her involvement in an organized effort to smuggle cocaine past the TSA checkpoint at Cyril E. King Airport and transport it to the mainland United States for distribution. Substantial evidence was introduced at trial, including Tirado's confession that law enforcement officials recorded. She now appeals that conviction, but her counsel has filed an *Anders* brief and asked to withdraw based upon her examination of the record. Because we agree with counsel that there are no non-frivolous issues for appeal, we will affirm the judgment of conviction and sentence and allow counsel to withdraw.

## I.

Reviewing an *Anders*[1] motion, we must first determine "whether counsel['s] [brief] adequately fulfill[s] [Third Circuit Local Appellate Rule 109.2(a)'s] requirements" and then ask "whether an independent review of the record presents any nonfrivolous issues."[2] Although we conduct our own review of the record,[3] an *Anders* brief must nevertheless "(1) . . . satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) explain why the issues are frivolous."[4] Appellant has a right to file a pro se brief upon being informed of counsel's motion to withdraw,[5] but Tirado has not done so here.

---

[1] *See Anders v California*, 386 U.S. 738 (1967).
[2] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).
[3] *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).
[4] 241 F.3d at 300.
[5] *Id.*

After reviewing the record, we are satisfied that counsel has adequately reviewed the facts and considered any legal arguments that may be relevant to Tirado's appeal. Counsel has concluded that there are no non-frivolous issues for appeal, and we agree. The evidence offered of Tirado's guilt was both voluminous and uncontradicted; it included her own confession. Moreover, there is nothing to suggest that her confession was anything other than knowing and voluntary, nor is there any suggestion that it was obtained in violation of Tirado's constitutional rights.

We realize that the government did present evidence arising from the conspiracy after Tirado was involved, but that evidence was indicative of the procedure followed by the conspirators during her involvement. Accordingly, it was properly admitted. Even assuming arguendo that it was inadmissible, given the quality and quantity of admissible evidence of Tirado's guilt, any such error was certainly harmless. Thus, the *Anders* brief satisfies Rule 109.2(a) and we can identify no grounds that support challenging Tirado's conviction, or her 120-month sentence of imprisonment.

## II.

For the reasons stated above, we will grant counsel's Motion to Withdraw and affirm the District Court's judgment of sentence.