NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1300
_____

UNITED STATES OF AMERICA

v.

CARLOS MALDONADO
a/k/a BORI,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-17-cr-00170-003)
Honorable Christopher C. Conner, United States District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 19, 2020

BEFORE: GREENAWAY, JR., COWEN, and FUENTES, Circuit Judges

(Filed: January 8, 2021)

_____

OPINION*
_____

COWEN, Circuit Judge.

Carlos Maldonado appeals from the judgment of conviction entered by the United

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

States District Court for the Middle District of Pennsylvania.  His defense counsel has filed a motion to withdraw pursuant to Local Appellate Rule 109.2 and Anders v. California, 386 U.S. 738 (1967).  We grant the motion to withdraw and will affirm the judgment.

## I.

Pursuant to a plea agreement, Maldonado pled guilty to a felony information charging him with conspiring to distribute and possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  The District Court sentenced him to 151 months in prison.

## II.

Counsel for Maldonado has filed a motion to withdraw as well as a brief under Anders explaining that there are no nonfrivolous issues to appeal.[1]  An Anders brief and motion trigger a two-step inquiry.  First, we consider whether defense counsel has established that he or she "has thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)).  If we are satisfied with the attorney's brief, we then undertake an independent

---

[1] The District Court clearly had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  See also, e.g., 18 U.S.C. § 3237(a) (stating that offense may be prosecuted where it was begun, continued, or completed).  We possess appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  This Court exercises plenary review to determine whether there are any nonfrivolous issues.  See, e.g., Simon v. Gov't of the Virgin Islands, 679 F.3d 109, 114 (3d Cir. 2012).

review of the record to determine whether there are any nonfrivolous issues. <u>Id.</u> A copy of the defense counsel's brief was furnished to Maldonado, and he was given an opportunity to file a pro se brief. No such pro se brief was filed.

We conclude that defense counsel has satisfied his <u>Anders</u> obligations and agree that this proceeding does not implicate any nonfrivolous issues. He thoroughly explains how the District Court complied with the guilty plea framework set forth in Federal Rule of Criminal Procedure 11, as well as the procedural and substantive requirements for sentencing.

Maldonado's guilty plea was knowing and voluntary. <u>See, e.g.</u>, <u>United States v. Lessner</u>, 498 F.3d 185, 192-93 (3d Cir. 2007). The District Court placed Maldonado under oath (cautioning him he could be prosecuted for perjury if he provided false answers) and questioned him to ensure that he was competent to proceed with a guilty plea. The District Court further confirmed that Maldonado's plea was voluntary, he was satisfied with counsel's representation, and he understood the charges against him. It also made sure that the defendant understood his constitutional rights (including the rights he was giving up by entering the guilty plea) as well as the terms of the plea agreement. After the government had set forth the facts it would have presented at trial (to which Maldonado agreed subject to a clarification based on the plea agreement), the District Court accepted the guilty plea.

The sentence imposed did not exceed the maximum possible sentence for either of the offenses charged. The District Court properly calculated the Guidelines range,[2] appropriately ruled on the departure motion (granting a greater downward departure than the one requested by the government itself), and imposed a reasonable sentence (at the bottom of the Guidelines range) based on a meaningful consideration of the parties' arguments as well as the 18 U.S.C. § 3553(a) factors. See, e.g., United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc); United States v. Torres, 251 F.3d 138, 145-52 (3d Cir. 2001).

## III.

We grant the motion to withdraw filed by Maldonado's counsel and will affirm the judgment of conviction.

---

[2] According to defense counsel, Maldonado has advised that he does not believe that he qualified as a career offender under the Sentencing Guidelines. However, the predicates on which the enhancement was based satisfy the applicable requirements. See U.S.S.G. §§ 4A1.2(e), 4B1.1(a).

4