NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3689
_____

UNITED STATES OF AMERICA

v.

EMMETT PERKINS, also known as LITTLES,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-00071-002)
District Judge: Honorable Paul S. Diamond
_____
Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 21, 2021

Before: HARDIMAN and ROTH, *Circuit Judges*, and PRATTER,[*] *District Judge*.

(Filed: March 11, 2021)
_____

OPINION[**]
_____

_____

[*] The Honorable Gene E.K. Pratter, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Emmett Perkins appeals his judgment of sentence after pleading guilty to various drug offenses arising from his membership in the Stinson Drug Trafficking Group. His court-appointed counsel filed a brief seeking to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's *Anders* motion and dismiss the appeal.

We have jurisdiction under 28 U.S.C. § 1291 and our review is plenary. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). We must determine whether counsel "thoroughly examined the record in search of appealable issues," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), and ensure nothing in the record "might arguably support the appeal," *Anders*, 386 U.S. at 744. If we find counsel's *Anders* brief adequate, we limit our review to his and Perkins's briefs. *Youla*, 241 F.3d at 301. If there are no nonfrivolous arguments, we will grant counsel's *Anders* motion and dispose of the appeal. 3d Cir. L.A.R. 109.2(a) (2011).

As part of his guilty plea, Perkins waived his right to appeal, subject to limited exceptions. We enforce such waivers if: (1) they are entered into voluntarily and knowingly; (2) the scope of the waiver covers the defendant's arguments; and (3) enforcement would not be a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). If all otherwise nonfrivolous arguments fall within the scope of the waiver, we will grant counsel's *Anders* motion.

Perkins's appellate waiver is valid and largely precludes any nonfrivolous argument. He knowingly and voluntarily agreed to the appellate waiver provision in his written plea agreement, and the Court ensured the pact met the requirements of Rule 11

of the Federal Rules of Criminal Procedure. Although there was confusion over the extent to which Perkins's federal sentence would run concurrently with his state sentence, Perkins was given ample time to speak with new counsel before agreeing to the sentence in the plea agreement. Nor does anything in the record suggest that enforcing the waiver would result in a miscarriage of justice.

The appellate waiver was broad in scope. It prevents any appeal unless Perkins: was sentenced in excess of the statutory maximum; received an upward departure or variance under the United States Sentencing Guidelines; or received ineffective assistance of counsel. None of those exceptions occurred here. Perkins's 120-month sentence is well below the statutory maximum (life) and the advisory sentencing range (210–262 months); there was no upward departure or variance; and Perkins has never alleged his counsel was ineffective.

Given the waiver, we conclude that counsel adequately examined the record for appealable issues and found none. Perkins claims in his pro se brief that he is entitled to credit for time served in state prison for related conduct under Sentencing Guidelines § 5G1.3. That argument is a nonstarter because it is foreclosed by his plea agreement.

For the reasons stated, we hold that Perkins's appeal raises no nonfrivolous arguments. We will therefore grant counsel's *Anders* motion and affirm the District Court's judgment.