NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3537
_____

UNITED STATES OF AMERICA

v.

JACOB SOTO,
Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
District Court No. 1-19-cr-000218-001
District Judge: The Honorable Christopher C. Conner
_____

Submitted Pursuant to L.A.R. 34.1 (a)
June 21, 2021

Before: SMITH, *Chief Judge*, MATEY, and FISHER, *Circuit Judges*

(Filed  June 23, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SMITH, *Chief Judge*.

Jacob Soto pleaded guilty to a single count of illegally possessing a machine gun in violation of 18 U.S.C. § 922(o). After Soto's term of supervised release commenced, he was involved in a domestic dispute. He subsequently pleaded guilty to a simple assault charge in state court. A petition for revocation of supervised release followed.

At the revocation hearing, Soto admitted his violation of supervised release, accepted responsibility for his conduct, and acknowledged that he had been wrong. His aunt, with whom he and his two sons were living, testified that he had turned himself around, was gainfully employed, and was engaged in actively caring for his children. The District Court imposed a below-guidelines sentence of 12 months and one day of imprisonment.

Soto appealed.[1] His counsel filed, pursuant to *Anders v. California*, both a brief asserting that there were no nonfrivolous issues to raise on Soto's behalf and a motion to withdraw as counsel.[2] In *United States v. Youla*, we explained that counsel's duties in "preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." 241 F.3d 296, 300 (3d Cir. 2001).

---

[1] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] *See Anders v. California*, 386 U.S. 738 (1967). We exercise plenary review in determining whether the record presents any nonfrivolous issues. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). Although the Clerk's Office notified Soto of the opportunity to file an informal brief in support of his appeal, he did not file any submission for our review. *See* 3d Cir. L.A.R. 109.2(a).

We are satisfied that counsel fulfilled these duties.  Counsel established the District Court's jurisdiction, explained that the state guilty plea and Soto's admission during the revocation hearing satisfied the preponderance of evidence standard for finding a violation of supervised release, *see United States v. Dees*, 467 F.3d 847, 854-55 (3d Cir. 2006); 18 U.S.C. § 3583(e)(3), and showed that the record supported the District Court's finding that Soto's admission of guilt was knowing and voluntary.  Using a checklist and citations to the record as a supplement to the brief's narrative, counsel demonstrated the District Court's compliance with Federal Rule of Criminal Procedure 32.1.  Finally, counsel pointed out the lack of any basis for attacking either the procedural or substantive reasonableness of the below-guidelines sentence.  *See United States v. Bungar*, 478 F.3d 540, 541, 542 (3d Cir. 2007).

We agree with counsel's assessment that there are no issues of arguable merit to raise on Soto's behalf.  Accordingly, we will grant counsel's motion to withdraw and affirm the District Court's judgment.  We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for a writ of certiorari with the Supreme Court.  *See* 3d Cir. L.A.R. 109.2(b).