NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3429
_____

UNITED STATES OF AMERICA

v.

DWAYNE ABRAMSON,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-09-cr-00123-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2021

Before: AMBRO, KRAUSE, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 29, 2021)

_____

OPINION[*]
_____

AMBRO, <u>Circuit Judge</u>

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dwayne Abramson appeals from the District Court's decision sentencing him to 24 months' imprisonment for violating the terms of his supervised release. His counsel filed a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), contending that the appeal raises only frivolous issues.[1] We grant counsel's *Anders* motion and affirm the District Court's judgment.

Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines promulgated by the Supreme Court in *Anders* to ensure indigent clients receive adequate and fair representation. The rule allows trial counsel, if persuaded upon review of the trial court record "that the appeal presents no issue of even arguable merit," to file a motion to withdraw and supporting brief pursuant to *Anders*, "which must be served upon the appellant and the United States." 3d Cir. L.A.R. 109.2(a). If we agree that the appeal is without merit, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id*. When considering an *Anders* motion, our inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In so doing, we ascertain whether counsel "thoroughly examined the record in search of appealable issues," *id*., and make sure nothing in the record "might arguably support the appeal," *Anders,* 386 U.S. at 744. An appealable matter is considered frivolous when

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and exercise plenary review over legal conclusions and clear error for factual findings. *See Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

"[none] of the legal points [are] arguable on their merits." *Youla*, 241 F.3d at 301

(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). When counsel's *Anders* brief

appears facially adequate, we use it to guide our independent review of the record. *See*

*Youla*, 241 F.3d at 301. Absent nonfrivolous, appealable issues, we will grant counsel's

motion and affirm the District Court's decision without appointing new counsel. 3d Cir.

L.A.R. 109.2(a).

Here, counsel conducted a thorough examination of the record, and his *Anders* brief

identifies no appealable issues of arguable merit. We concur, having conducted our own

independent review of the record. That review reflects that in April 2011 the District

Court sentenced Abramson to 108 months of imprisonment followed by 3 years of

supervised release for making false statements in connection with the acquisition of

firearms in violation of 18 U.S.C. § 922(a). After serving his sentence, he began

supervised release in February 2018. In December 2019, the assigned Probation Officer

filed a petition to revoke that status, alleging that Abramson sold crack cocaine to a

confidential informant and was subsequently arrested by the Hanover Police Department.

He pled guilty to four charges of possession with intent to distribute controlled

substances in Pennsylvania state court. Represented by counsel before the District Court,

he pled guilty to violating the conditions of his supervised release.

In November 2020, the District Court sentenced him to 24 months' imprisonment—

within the range of the Sentencing Guidelines and the statutory maximum for the

underlying offense to which he pled, which is classified as a "Class C Felony." 18

U.S.C. § 3583(e). In sentencing Abramson, the Court considered the sentencing factors

3

set out in 18 U.S.C. § 3553(a), emphasizing the seriousness of his most recent controlled-substance distribution offense. The Court also denied Abramson's request to allow his sentence to run concurrently with his sentence in state court, instead deferring to the state court whether the state and federal sentences should run concurrently. Abramson appealed and his counsel filed an *Anders* motion seeking to withdraw representation. Undeterred, Abramson filed a *pro se* brief in support of his appeal.

We conclude the District Court properly revoked Abramson's sentence of supervision under 18 U.S.C. § 3583(e). There are no factual disputes to this matter, as Abramson voluntarily pled guilty to violating the terms of his supervised release. The Court adequately considered the sentencing factors listed in § 3553(a) when it sentenced him to the statutory maximum of 24 months. And it was well within its discretion to decline Abramson's request for his federal and state sentences to run concurrently. *See* 18 U.S.C. § 3584(a).

In addition to reviewing counsel's *Anders* brief, we have considered all of Abramson's arguments in his *pro se* brief and conclude they are unavailing. He provides no legal justification to support the request that his 24-month sentence be reduced or changed to home confinement, nor does he explain how his state sentence for drug distribution should bear on his federal sentence for violating the terms of his supervised release. He also fails to provide any detailed explanation as to his potential health complications or how the District Court proceedings were prejudiced against him. Because counsel fulfilled his duties under *Anders* and we also perceive no appealable

4

issues of arguable merit, we will grant counsel's *Anders* motion and will affirm the judgment of the District Court.